**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
(Electronically Filed)**

| | |
|---|---|
| DAVID WILSON, as Administrator )<br>Of the Estate of Lisa Noble, )<br>Deceased, )<br>        Plaintiff )<br>)<br>v. )<br>)<br>BEACON TRANSPORT, LLC, and )<br>TERRAN COOPER, )<br>        Defendants ) | Civil Action No.: 6:17-157-KKC |

## **DEFENDANTS, TERRAN COOPER'S AND BEACON TRANSPORT, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Come now the Defendants, Terran Cooper and Beacon Transport, LLC, by counsel, and for their Answer to the Plaintiff, David Wilson's, as Administrator of the Estate of Lisa Noble, deceased, Complaint, and state as follows:

FIRST DEFENSE

The Plaintiff's Complaint should be dismissed in that there is (a) lack of jurisdiction over the subject matter, (b) lack of jurisdiction over the person, (c) improper venue, (d) insufficiency of process, (e) insufficiency of service of process, (f) failure to state a claim upon which relief can be granted, and (g) failure to join a party under Rule 19.

SECOND DEFENSE

The Defendants, Terran Cooper and Beacon Transport, LLC, being without knowledge, deny paragraphs 1.1, 1.2, 1.3, 2.1, and 3.1 of the Plaintiffs' Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit paragraphs 1.4, 1.5, 1.6 and 1.7 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, object to paragraphs 4.1, 4.2, 4.3, 4.4, 4.5, 4.6, 4.7, 4.8, 4.9, 4.10, 4.11, 4.12, 4.16, 4.17 and 4.22 of the Plaintiff's Complaint, because any response calls for a legal conclusion. Otherwise, the Defendants further object to the statements as vague and ambiguous. Without waiving any rights under the foregoing objections, Defendants are without knowledge, and thus, deny the same.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit so much of paraph 4.13 that alleges that Plaintiff's decedent ran into the rear of the vehicle being driven by Terran Cooper on January 5, 2017 near Williamsburg, Kentucky. If not otherwise admitted, the remaining allegations are denied.

The Defendants, Terran Cooper and Beacon Transport, LLC, deny paragraphs 4.14, 4.15, 4.18, and 4.21 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, object to paragraphs 4.19, and 4.20 of the Plaintiff's Complaint as vague and ambiguous. Moreover, the alleged witnesses are not identified. Without waiving any rights under the foregoing objections, Defendants are without knowledge, and thus, deny the same.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit so much of paragraphs 4.22, 4.23, 4.24, 4.26, 4.27, and 4.28 of the Plaintiff's Complaint that alleges that the vehicle being driven by Cooper was equipped with some form of GPS technology; however, the specifics of the information available is not presently known as it requires expert opinion. In the alternative, the Defendants believe that answering the question calls for impressions of counsel and thus, violates the attorney client privilege. Moreover, the data in possession of the Defendants has already been provided to the Plaintiff prior to suit.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit only so much of paragraph 4.25 which alleges that Plaintiff was allowed to inspect the truck and trailer involved in the subject accident prior to suit. Plaintiff's allegation seems predicated upon its investigation. However, Plaintiff has not shared any alleged findings. Defendants, being without knowledge of Plaintiff's alleged investigation, are without sufficient knowledge to respond, and thus, deny the same.

The Defendants, Terran Cooper and Beacon Transport, LLC, deny the allegations found in paragraphs 4.29, 4.30, 4.31, 4.32, 4.33, 4.34, 4.35, 4.36, 4.37, 4.38, 4.39, 4.40, 4.41, 4.42, 4.43, and 4.44 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, being without knowledge, deny the allegations in paragraph 4.45, 4.46 and 4.47, 4.49, 4.51, 4.52.4.53, 4.54, and 4.55 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit the allegations of paragraph 4.48 and 4.50 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit only so much of the allegations of paragraphs 4.56, 4.57, 4.58, 4.59, 4.60, 4.61, 4.62, 4.63 and 4.64 which indicates that Cooper was present at the scene of the accident and took photographs of the scene. Moreover, Defendants state that the negligence of Plaintiff's decedent was the sole causative factor or cause of the subject accident. Defendant's object to the balance of the allegations as vague and ambiguous, and deny the same due to an inability to understand what the Plaintiffs is claiming.

The Defendants, Terran Cooper and Beacon Transport, LLC, admit the allegations of paragraph 4.65 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC deny the allegations of paragraphs 4.66, 4.67, and 4.68 of the Plaintiff's Complaint.

The Defendants, Terran Cooper and Beacon Transport, LLC, object to paragraphs 4.69, 4.70, 4.71, 4.72, 4.73, and 4.74 as requiring a legal conclusion. Without waiving any rights under the foregoing objection, Defendants deny the same.

The Defendants, Terran Cooper and Beacon Transport, LLC, object to paragraphs 5.1, 5.2, 5.3, 5.4, 5.5, 5.6, 5.7, 5.8, and 5.9 as requiring a legal conclusion. Without waiving any rights under the foregoing objection, Defendants deny the same.

The Defendants, Terran Cooper and Beacon Transport, LLC, object to paragraphs 6.1, 6.2, and 6.3 as requiring a legal conclusion. Without waiving any rights under the foregoing objection, Defendants deny the same.

Defendants, Terran Cooper and Beacon Transport, LLC, believe that paragraph 7.1 does not require a response, as it is rhetorical in nature.

### THIRD DEFENSE

If Plaintiff(s) received any injuries or damages, which is denied, then he/she/they received same as a substantial result of his/her/their sole or comparative negligence or the sole or comparative negligence of one other than this/these Defendant(s).

### FOURTH DEFENSE

The Defendants plead preemption by federal law, assumption of risk, contributory negligence, comparative negligence, unclean hands, fraud and fraud in the inducement, statute of limitations, failure to mitigate damages, laches, lack of standing, estoppel and lack of notice.

### FIFTH DEFENSE

All allegations of the Complaint, not specifically admitted, are hereby denied.

## SIXTH DEFENSE

The Defendants specifically plead sudden emergency.

## SEVENTH DEFENSE

The Defendants specifically plead that the damages, if any, alleged in the Plaintiff's(s') Complaint are barred due to the Plaintiff's(s') failure to wear proper safety equipment, including but not limited to, a failure to have fastened any available seatbelt and/or helmet.

## EIGHTH DEFENSE

The Defendant(s) specifically plead(s) the Plaintiff's(s') Complaint is/are barred by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

## NINTH DEFENSE

The Defendant(s) specifically plead(s) that the Plaintiff's(s') Complaint is/are barred by the provisions of the Workers' Compensation Act.

## TENTH DEFENSE

The Defendant(s) specifically plead(s) that the Plaintiff's(s') Complaint is/are barred by the provisions of the Motor Vehicle Reparations Act as contained in Subtitle 39 of Chapter 304 of the Kentucky Revised Statutes.

## ELEVENTH DEFENSE

To the extent that any person or entity has paid amounts to, or for the benefit of, the Plaintiff(s) on account of the damages alleged in the Complaint, and to the extent that the Plaintiff(s) has (have) not notified these persons or entities, the Plaintiff(s) has (have) failed to comply with KRS 411.188 and the Complaint of the Plaintiff(s) is (are) barred. Alternatively, the Plaintiff(s) is (are) precluded from recovering any claims that are subject to subrogation and payment of those claims is an admissible fact.

## TWELFTH DEFENSE

The Plaintiffs is/are not entitled to any recovery of punitive damages as such an award would be in violation of the statutory laws of the Commonwealth of Kentucky, the Constitution of Kentucky, and the Constitution of the United States.

## THIRTEENTH DEFENSE

None of the defendants acted with intent, malice, fraud, or recklessness, as required for an award of punitive damages. Defendant further asserts as an affirmative defense that Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States in that they deprive Defendant of property without due process of law. Further, the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection and is violative of the provisions of the Kentucky Constitution denying equal protection and in depriving this Defendants of property without due process of law. The punitive damages claim is further in violation of the Eighth Amendment to the Constitution of the United States and in violation of the Kentucky Constitution regarding imposition of fines.

## FOURTEENTH DEFENSE

The Defendants deny that it is liable to Plaintiffs for punitive damages in any amount. In the alternative, Defendants aver that the trial of this action should be bifurcated so that the amount of bad faith damages and/or punitive damages, if any, is determined in a separate proceeding. Further, pursuant to the United States Supreme Court's ruling in <u>Cooper Industries, Inc. v. Leathermen Tool Group, Inc.</u>, 532 U.S. 424 (2001), Defendants affirmatively assert that Plaintiff's request for jury trial as to any determination of punitive damage should be denied.

## FIFTEENTH DEFENSE

Because the investigation of these Defendants is/are not complete at this time, these Defendants may have defenses which are not presently known. Therefore, in order to preserve any such defenses, the answering defendants incorporate by reference as part of this Answer to the Plaintiff's Complaint all those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, this/these Defendant(s) preserve all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses pertinent to this action.

WHEREFORE, Defendants, Terran Cooper and Beacon Transport, LLC, demand against the Answer to the Plaintiffs', David Wilson's Complaint, as follows:

1. That the Plaintiffs' Complaint be dismissed with prejudice and stricken from the docket;

2. Bifurcation and a stay of any claims for punitive damages;

3. Their costs herein expended;

4. Attorney's fees;

5. Any such other just and proper relief which the Court may deem these Defendants entitled.

6. Trial by jury.

    HARLAN E. JUDD & ASSOCIATES, PSC
    869 Broadway Ave.
    P.O. Box 51093
    Bowling Green, Kentucky 42104
    Telephone: (270) 904-4141
    Telefax: (888) 590-2842

s/Harlan Judd

_____

HARLAN E. JUDD, III

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy of the foregoing was placed in the U.S. Mail addressed as follows:

Timothy D. Lange
Benson, Risch & Lange, PLLC
401 W. Main Street, Ste 2150
Louisville, KY 40202

D. Randall Jewell
Jewell Law Office, PLLC
P.O. Drawer 670
Barbourville, KY 40906

Billy J. Taylor
Taylor Law Office, PLLC
110 Knox Street, Ste A
Barbourville, KY 40906

This the 20th day of July, 2017.

s/Harlan Judd

_____

Harlan E. Judd, III
*Counsel for the Defendants*