UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
(Electronically Filed)

| | |
|---|---|
| **DAVID WILSON, as Administrator** | ) |
| **Of the Estate of Lisa Noble,** | ) |
| **Deceased,** | ) |
| **Plaintiff** | ) |
| | ) Civil Action No.: 6:17-157-KKC |
| **v.** | ) |
| | ) |
| **BEACON TRANSPORT, LLC, and** | ) |
| **TERRAN COOPER,** | ) |
| **Defendants** | ) |

**DEFENDANT, BEACON TRANSPORT, LLC'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Come now the Defendant, Beacon Transport, LLC, by counsel, and for its Responses to Plaintiff's First Set of Interrogatories and Requests for Admission to the Plaintiff, David Wilson, as Administrator of the Estate of Lisa Noble, deceased, state as follows:

**GENERAL OBJECTIONS**

These answers and responses are made solely for the purpose of this action. Each answer or response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any request was asked of, or any statement contained herein was made by, a witness present and testifying at the time of trial. Except for the explicit facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that this Defendant has responded or objected to any discovery or any part thereof should not be taken as an admission that this Defendant accepts or admits

1

the existence of any facts set forth or assumed by such discovery or that such responses or objection constitutes admissible evidence. The fact that this Defendant has not responded to part or all of any discovery is not intended and shall not be construed to be a waiver by this Defendant of all or any part of any objection to any discovery propounded herein.

To the extent that any or all of the discovery calls for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work product doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Defendant objects to each and every such request and thus, will not supply or render any information or material protected from discovery by virtue of the work product doctrine or attorney-client privilege or any other rule, case authority, privilege or other protection.

This Defendant has not completed the investigation of the facts relating to this case, nor has it completed discovery or this action or completed preparation for trial. The following answers and responses are given without prejudice to the production of subsequently discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of the existing evidence, or evaluation of the existing evidence in light of newly discovered evidence which this Defendant reserves the right to provide as supplement to these answers and responses in accordance with the Kentucky Rules of Civil Procedure.

Further, this Defendant does not waive its right to object to the maximum number of interrogatories and requests for admission, as set forth in Federal Rules of Civil Procedure

33.01(3) and other applicable statues, rules or orders, even though this Defendant has attempted to respond to each discovery request.

## REQUESTS FOR ADMISSION

1. Admit that at the time of the collision in issue in the Complaint, Mr. Cooper was acting in the course and scope of his employment with Beacon Transport, LLC.

**RESPONSE:** Objection. The foregoing request calls for a legal conclusion. Notwithstanding, the foregoing objection, and in the spirit of cooperation, Beacon admits that Cooper was an employee on the date and time of the subject accident.

2. Admit that Beacon was personally served with a copy of the Summons issued to it by the Clerk of this Court and the Complaint of record herein through its blanket agent for service of process identified in the Complaint.

**RESPONSE:** Objection. The foregoing request calls for a legal conclusion. Notwithstanding, the foregoing objection, and in the spirit of cooperation, Beacon admits receiving a copy of the subject Complaint.

3. Admit that venue is proper in this Court.

**RESPONSE:** Objection. The foregoing request calls for a legal conclusion. Notwithstanding, the foregoing objection, and in the spirit of cooperation, Beacon admits only that the subject occurred on Interstate 75 in Kentucky.

4. Admit that there are no indispensable parties to this action other than the Defendants of record herein.

**RESPONSE:** Objection. The foregoing request calls for a legal conclusion. Notwithstanding, the foregoing objection, and in the spirit of cooperation, Beacon is not aware of any other parties to this accident.

5. Admit that Beacon is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

**RESPONSE:** Admit.

6. Admit that Beacon hired, qualified, and retained Mr. Cooper in its employment as a commercial motor vehicle operator prior to the collision in issue in the Complaint.

**RESPONSE:** Objection. Defendant Beacon is unaware as to what meaning Plaintiff is placing on the terminology "hired and qualified". It is unclear as to whether the Plaintiff is implying any specific meaning to the same or some other legal connotation of the same. Defendant Beacon admits to only he was an employee of Beacon Transport on or about the date of the subject accident.

7. Admit that at all times relevant to this action, Beacon owned the tractor that Mr. Cooper operated at the time of the collision, which tractor had VIN Number 4V4NC9EG6GNN33619.

**RESPONSE:** Admit.

8. Admit that at all times relevant to this action, Beacon owned the trailer pulled by Mr. Cooper at the time of the collision.

**RESPONSE:** Admit.

9. Admit that the tractor driven by Mr. Cooper at the time of the collision was operated with the permission and at the direction of Beacon.

**RESPONSE:** Objection. Defendant Cooper is unclear as to what "permission and direction" means, and believes the same may imply some special legal connotation given rise to an objection based upon a legal conclusion. Notwithstanding, in the spirit of cooperation, Defendant Cooper admits only that he was an employee at Beacon Transport on or about the time of the subject accident.

10. Admit that the trailer pulled by Mr. Cooper at the time of the collision was operated with the permission and at the direction of Beacon.

**RESPONSE:** Objection. The foregoing request is vague, ambiguous and compound in nature. Beacon does not recognize and/or understand Plaintiff's intended usage of the terms "direction."

11. Admit that at the time of the collision admitted in your Answer filed at Docket No. 42 in this action, the tractor-trailer operated by Mr. Cooper was not moving.

**RESPONSE:** Objection. The foregoing request is vague and ambiguous. Moreover, it relates to a statement purportedly made in a separate document, which is in itself objectionable. To the extent that the Plaintiff request Defendant Beacon admit something that was stated in another document, Defendant Beacon does not believe that he was stopped. In any event, and in the spirit of cooperation, Defendant Beacon states affirmatively that he was moving at the time of the subject accident.

12. Admit that following the collision in issue in the Complaint, Mr. Cooper took photographs of Ms. Noble's vehicle, with her still inside of it.

**RESPONSE:** Denied. Defendants do not have any photographs depicting Ms. Noble.

13. Admit that following the collision in issue in the Complaint, Mr. Cooper took video of Ms. Noble's vehicle, with her still inside of it.

**RESPONSE:** Denied.

14. Admit that Mr. Cooper was directed by Beacon corporate policy to take the photographs that he took at the scene of the collision.

**RESPONSE:** Admit.

15. Admit that when Mr. Cooper was taking photographs at the scene of the collision, Ms. Noble was alive within her vehicle.

**RESPONSE:** Denied.

16. Admit that when Mr. Cooper instructed persons attempting to assist Ms. Noble to get away from her vehicle, at least one of those persons was praying with Ms. Noble while awaiting the arrival of an ambulance.

**RESPONSE:** Denied.

17. Admit that when Mr. Cooper exited the Beacon vehicle after the crash, he claimed that Ms. Noble caused the collision to persons attempting to assist Ms. Noble in accordance with Beacon corporate policy.

**RESPONSE:** Objection. This request is confusing and unintelligible due to its compound nature, and the same further requires a legal conclusion.

18. Admit that on February 3, 2017, Timothy D. Lange sent the correspondence contained in Exhibit 2 to the Complaint to the addressees identified thereupon demanding the preservation of evidence addressed therein to avoid spoliation of evidence relating to this action.

**RESPONSE:** Admit to the extent that receipt of the letter of February 3rd, 2017 is acknowledged; however, Beacon denies the creation of any legal obligation. Notwithstanding, Beacon has further cooperated by providing various documents to numerous to detail.

19. Admit that on February 9, 2017, a faxed written acknowledgement of receipt of the correspondence contained in Exhibit 2 was made by counsel Harlan Judd for Beacon and its driver Mr. Cooper.

**RESPONSE:** Admit to the extent that receipt of the letter of February 3rd, 2017 is acknowledged; however, Beacon denies the creation of any legal obligation. Notwithstanding, Beacon has further cooperated by providing various documents to numerous to detail.

20. Admit that there was no sudden emergency causing Mr. Cooper to operate the Beacon vehicle as it was in operation at the time of the collision in issue in the Complaint.

**RESPONSE:** Objection. This request calls for a legal conclusion. Deny.

21. Admit that Ms. Noble was wearing her seatbelt at the time of the collision in issue in the Complaint.

**RESPONSE:** Objection. Discovery has just been initiated. Beacon is without sufficient knowledge to admit or deny the same, and reserves the right to develop evidence on this issue as the proof develops.

22. Admit that Beacon has been sued under its proper legal name.

**RESPONSE:** Admit.

Respectfully Submitted,

        Harlan E. Judd & Associates, P.S.C.
        869 Broadway Avenue
        P.O. Box 51093
        Bowling Green, Ky 42104

        *S/Harlan Judd*

        _____
        Harlan E. Judd, III

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served upon counsel for Defendants on this 7th day of September, 2017 by regular U.S. Mail to

TIMOTHY D. LANGE
Benson Risch & Lange, PLLC
One Riverfront Plaza
Suite 2150
401 W. Main Street
Louisville, Kentucky, 40202
(502) 583-8373

D. Randall Jewell
JEWELL LAW OFFICE, PLLC
P.O. Drawer 670
Barbourville, Kentucky 40906
Telephone: (606) 546-9714

Billy J. Taylor
TAYLOR LAW OFFICE, PLLC
110 Knox Street, Suite A
Barbourville, Kentucky 40906
Telephone: (606) 545-0224

        *S/Harlan Judd*

        _____
        Harlan E. Judd, III