| | |
|---|---|
| **DAVID WILSON, as Administrator** | ) |
| **Of the Estate of Lisa Noble,** | ) |
| **Deceased,** | ) |
| **Plaintiff** ⋅ | ) |
| | **) Civil Action No.: 6:17-157-KKC** |
| **v.** | ) |
| | ) |
| **BEACON TRANSPORT, LLC, and** | ) |
| **TERRAN COOPER,** | ) |
| **Defendants** | ) |

## DEFENDANT, BEACON TRANSPORT, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

Come now the Defendant, Beacon Transport, LLC, by counsel, and for its Response

to Plaintiff's First Set of Interrogatories and Requests for Production, state as follows:

### GENERAL OBJECTIONS

These answers and responses are made solely for the purpose of this action. Each

answer or response is subject to all objections as to competence, relevance, materiality,

propriety and admissibility, and any and all other objections on grounds that would require

the exclusion of any statement contained herein if any request was asked of, or any statement

contained herein was made by, a witness present and testifying at the time of trial.

Except for the explicit facts expressly admitted herein, no incidental or implied admissions

are intended hereby. The fact that this Defendant has responded or objected to any discovery

or any part thereof should not be taken as an admission that this Defendant accepts or admits

the existence of any facts set forth or assumed by such discovery or that such responses or

objection constitutes admissible evidence. The fact that this Defendant has not responded to

part or all of any discovery is not intended and shall not be construed to be a waiver by this Defendant of all or any part of any objection to any discovery propounded herein.

To the extent that any or all of the discovery calls for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work product doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Defendant objects to each and every such request and thus, will not supply or render any information or material protected from discovery by virtue of the work product doctrine or attorney-client privilege or any other rule, case authority, privilege or other protection.

This Defendant has not completed the investigation of the facts relating to this case, nor has it completed discovery or this action or completed preparation for trial. The following answers and responses are given without prejudice to the production of subsequently discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of the existing evidence, or evaluation of the existing evidence in light of newly discovered evidence which this Defendant reserves the right to provide as supplement to these answers and responses in accordance with the Kentucky Rules of Civil Procedure.

Further, this Defendant does not waive its right to object to the maximum number of interrogatories and requests for admission, as set forth in Federal Rules of Civil Procedure 33.01(3) and other applicable statues, rules or orders, even though this Defendant has attempted to respond to each discovery request.

## INTERROGATORIES

1. Identify every person who provided information contained within the answers to these interrogatories (including all persons who assisted in formulating or phrasing the answers in any way).

**ANSWER:** The foregoing interrogatories are responded to by Lisa Milom in her capacity as facilitator for Beacon Transport, LLC. Beacon is assisted in answering the foregoing discovery by counsel of record, Hon. Harlan E. Judd, III, Harlan Judd & Associates, PSC, P.O. Box 51093, Bowling Green, Kentucky 42101.

2. State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts of this matter, without regard to whether you intend to call any such person as a witness at trial.

**ANSWER:** No decision as to the use of witness testimony has been made at this time. Defendants agree to comply with the Court's scheduling order. Notwithstanding, and in the spirit of cooperation, the Defendants submit the following may have discoverable information in regard to these matters:

a.Terran Cooper; defendant herein;

b. Beacon Transport, LLC,; defendant herein, including Stan Pritchett, Randy Cummins and Jeff Knittel, as yet to be determined employees;

c. David Wilson, plaintiff's representative;

d. Tammy Saylor, 481 Molus Hollow Road, Coldiron, Kentucky, 40819; knowledge concerning the accident;

e. Selena Moore, 481 Molus Hollow Road, Coldiron, Kentucky, 40819; knowledge concerning the accident;

f. Michael Anderson, 50 Green Meadow Road, London, Kentucky, 40741; knowledge concerning the accident;

g. Baptist Regional Medical Center and Emergency Medical Personnel, – knowledge unknown;

h. Kentucky State Police; including Officer Mike Taylor and Toby Curry - knowledge concerning the accident;

i. various employers of the plaintiff's decedent-employment and earnings history;

j. various medical providers of the plaintiff's decedent-plaintiff's decedent's physical condition; and,

i. Any and all individuals and/or entities identified in Plaintiff's Discovery.

3. With respect to each statement any party to this lawsuit and any purported witnesses to this accident have ever given to anyone (except any statement to legal counsel), either oral or written, regarding the events concerning this lawsuit, identify the statement by providing the date the statement was given, the names, addresses and telephone numbers of those present when the statement was given, and a brief summary of the contents of the statement.

**ANSWER**: None.

4. Identify any person or entity (other than the answering Defendant) whom you allege contributed to the causation of or is otherwise legally responsible for the injuries or damages of Plaintiff claimed in this action, explaining all facts known upon which your allegation is based.

**ANSWER**: Objection. The foregoing interrogatory calls for a legal conclusion. Notwithstanding, and without waiver of rights thereunder, Defendant asserts that Lisa Noble, deceased, was the sole and/or superseding cause of her own injuries, and unfortunate death.

5. Please identify all driver education and safety training of which you are aware that Defendant Cooper obtained prior to the wreck in issue in the Complaint, including in your answer all detail known of it, such as: an explanation of the place and time at which the education or training occurred, a description of what the education or training consisted of, all facts known to you concerning the individual's performance in the educational program or training, and the identification of any records of which you are aware evidencing the driver education and safety training.

**ANSWER**: Objection. This interrogatory is overly broad as it covers a number of years and has no stated time period. Notwithstanding, and without waiving rights under the foregoing objection, Beacon, in addition to classes required to obtain a commercial driver's license, does nearly three (3) days of classes for all newly hired drivers. In addition to classroom instruction, various videos are shown such as Lane Change Crash Prevention; DOT Hours of Service; Commercial Vehicle Cargo Security; DOT Alcohol & Drug Testing; Case Know the Basics; The Critical Point and Outside the Box. These are but a sample of videos utilized. Moreover, Beacon has a continuing commitment to safety, and puts on quarterly safety meeting on various topics.

6. Identify by providing the names, mailing addresses, e-mail addresses, phone numbers, job titles, job descriptions, dates of employment (hire and termination if applicable), the following:

5

a) All individuals having supervisory employment authority of any kind on January 5, 2017 over Mr. Cooper.

b) All individuals or entities involved in any way with each item of freight carried by the vehicle that struck Plaintiff's vehicle on January 5, 2017, including but not limited to: the shipper, receiver, broker, cargo loader(s), and driver(s) transporting the freight.

c) All individuals or entities involved in any way with the trip en route at the time of the collision with Plaintiff's vehicle on January 5, 2017 and within 72 hours preceding the collision, including but not limited to the dispatcher, driver(s), broker, cargo loader, supervisory personnel, safety personnel, and vehicle maintenance personnel.

d) All safety personnel of any kind, including the Safety Officer or Director (meaning the individual charged with safety compliance under law applicable to commercial motor vehicles and the transportation of freight) of the answering Defendant on January 5, 2017.

e) All personnel having inspected the mechanical condition of the vehicle (including but not limited to any component parts thereof, such as a tractor, trailer, dolly, or other involved equipment) that struck Plaintiff's vehicle on January 5, 2017, at any time within the period commencing January 1, 2016 and ending thirty (30) days subsequent to the return of the vehicle to service.

f) The custodian of each record requested for identification in these interrogatories, and in the following request for production of documents.

**ANSWER**: Objection. This interrogatory is onerous, overly broad and unduly burdensome. Notwithstanding, and without waiving any rights under the foregoing

6

objections, Beacon states that copies of maintenance and inspection records are attached in composite Exhibit A. Information regarding said maintenance and inspections is contained in each individual document. With respect to the load being hauled on the date of the subject accident, Plaintiff is directed to the Bill of Lading in attached Exhibit A. Beacon takes its obligation for safety seriously. All drivers and employees work diligently to maintain Beacon's safety record including, but not limited to, Stan Pritchett, Randy Cummins and Jeff Knittel. Cummins is Beacon's identified Safety Officer.

7. With respect to each defense asserted in your Answer to Plaintiff's Complaint, state the factual basis underlying the defense asserted therein with specificity, providing all known factual detail supporting each alleged defense.

**ANSWER:** Objection. The foregoing is overly broad, unduly burdensome, calls for a legal conclusion, calls for mental impressions of counsel, and violates both the attorney client privilege and the work product doctrine. Moreover, discovery in this matter has just been initiated. Without waiving any rights under the foregoing objections, Beacon states that the affirmative defenses were plead upon advice of counsel. Factually, Beacon further states that Lisa Noble, deceased, was the sole and/or superseding causes of her own injuries and/or death when she ran into the back of the trailer being pulled by Terran Cooper.

8. With respect to any inspection, viewing, photographing, testing, or other observation or involvement with the vehicle of the Plaintiff or other vehicles involved in this accident  conducted on behalf of the answering Defendant any other Defendant, or any insurer identified in response to this discovery or otherwise having an interest in this

litigation, state: the name, address, phone, and employer of each individual known to have conducted, participated in, and/or witnessed such activity.

**ANSWER:** Objection. This interrogatory violates the work product doctrine. Moreover, this interrogatory calls for expert opinion. Beacon has made no decision as to the use of expert opinion in this matter and asserts that any expert consulted to date is a retained expert not requiring disclosure at this time. However, Beacon will comply with the Court's scheduling order which was entered herein.

9. State each and every regulation set forth in the Federal Motor Carrier Safety Regulations (as adopted in Kentucky) violated by the commercial motor vehicle, Mr. Cooper, and/or Beacon from the point in time of departure of the Beacon vehicle on the trip in which the collision in issue in the Complaint occurred and through the point in time that the Beacon vehicle was removed from the scene of the crash, explaining all factual detail known concerning each specific violation. If you believe that no regulation was violated, then answer this interrogatory by answering "none."

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, vague, ambiguous, calls for a legal conclusion, calls for mental impressions of counsel and generally unintelligible, causing Beacon to have to do guesswork to answer the same. Moreover, this interrogatory attempts to get Defendants to meet a burden of proof which belongs to the Plaintiff. Without waiving any rights under the foregoing objections, Beacon asserts that Lisa Noble was the sole and/or superseding cause of her own injuries and damages, and thus, Beacon does not believe that either it or Mr. Cooper were the proximate,

8

legal cause of the collision. Defendants do not believe there were any violations committed by Beacon.

10. Describe in detail each electronic system, including diagnostic, communication, camera, and GPS tracking systems (including but not limited to Omnitracs, OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, BOSCH, BENDEX and other similar systems employed, satellite mobile communication systems, two-way radio, cellular phones), if any, used in the truck involved in this wreck, identifying all documents and data preserved from that system and the media or format in which such documents/data currently exists.

**ANSWER:** See attached composite Exhibit A. Beacon utilizes the Omnitracs System, and that data has also previously been provided to the Plaintiff voluntarily pre-suit.

11. State fully each of Beacon's policies and procedures, whether written or unwritten, in effect January 5, 2017 regarding a commercial driver's operation of a commercial motor vehicle. This interrogatory requires the identification of all driver handbooks, instructional materials, manuals, guidelines, and work instructions for the operation of Beacon commercial motor vehicle.

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, vague, ambiguous, calls for a legal conclusion, calls for mental impressions of counsel and generally unintelligible, causing Beacon to have to do guesswork to answer the same. Notwithstanding, and in the spirit of cooperation, Beacon complies with local, state and federal laws in addition to having a written Employee Handbook, which is attached hereto in

9

Exhibit A. Additionally, there are other unwritten rules and procedures; however, the same are too numerous to recount.

12. If Beacon has or had any sort of safety risk management program or evaluation system in effect as of January 5, 2017, whether self-provided, contracted or provided by the insurance carrier, please describe the program or system in detail, including, but not limited to: who provided it; the name(s), address(es) and telephone number(s) of persons conducting it, the program or system duration, and identify all documents, written reports or recommendations made in relation to it.

**ANSWER:** Objection. This interrogatory has no relevancy to the subject accident whatsoever. Notwithstanding, and without waiving rights under the foregoing objection, Beacon states that it complies with local, state and federal law, and has satisfactory safety rating.

13. For any Request for Admission served simultaneously herewith that was responded to with other than an unqualified admission, state the facts and circumstances that you claim support your denial or qualified admission.

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome and vague. Moreover, it is improper to incorporate by reference another pleading into this interrogatory. Notwithstanding, Defendant asserts that its response to any request for admission is/are self-explanatory, especially where an objection was utilized.

14. Please list each and every personal injury and/or wrongful death lawsuit in which Beacon (and any predecessor in interest) has been a defendant within the last ten (10) years and for each, please include: the court where the lawsuit was filed, the complete name and

10

number of the case, the names of the attorneys involved, a brief description of the wreck which precipitated the lawsuit, and the disposition of the case.

**ANSWER:** Objection. This interrogatory has no relevancy to the subject accident whatsoever. Notwithstanding, and without waiving rights under the foregoing objection, Beacon states that it complies with local, state and federal law, and has satisfactory safety rating. Moreover, there are no other earlier personal injury accidents involving Defendant Terran Cooper.

15. State whether Beacon (and any predecessor in interest), in the last ten (10) years, has ever been subjected to or had levied against it fines pursuant to a violation of statute or regulations in any state within which it operates. If so, state the statute or regulation Defendant was subject to, the date of the levy, the governing body which levied the fine, and the disposition of each levy.

**ANSWER:** Objection. This interrogatory has no relevancy to the subject accident whatsoever. Notwithstanding, and without waiving rights under the foregoing objection, Beacon states that it complies with local, state and federal law, and has satisfactory safety rating. Moreover, there are no "levies" involving Terran Cooper.

16.. If you have any records or otherwise have knowledge of complaints by anyone concerning the operation of a motor vehicle by Defendant Cooper, identify all such records and complaints by providing a description of the record, a description of the substance of the complaint, the date of the complaint, and the name, address and phone number of the individual making the complaint.

**ANSWER:** We do not have any complaints against Defendant Cooper.

11

17. Identify by describing in detail each record and all information provided to investigating authorities regarding this crash as required by 49 CFR § 390.15 (as adopted in Kentucky).

**ANSWER:** Objection. This interrogatory calls for a legal conclusion, and clearly requires Beacon to determine its obligations under the aforesaid statute. Moreover, this interrogatory is confusing and attempts to lead Beacon to believe that it has or had some obligation beyond cooperation with the any investigating authority and cataloging or keeping record of the subject accident. Notwithstanding, Plaintiff is directed to attached Exhibit A, which are records that Beacon would make available to any investigating authority. Moreover, both Beacon and Cooper have cooperated with Kentucky State Police, Kentucky Vehicle Enforcement and other agencies. And, the subject accident has been identified and cataloged, pursuant to 49 CFR § 390.15 in Beacon's accident log.

### RULE 34 REQUEST

1] The truck and trailer involved in this collision (for further inspection at a date and time to be determined in the future by agreement of counsel). The truck is identified as having VIN number 4V4NC9EG6GN33619.

**RESPONSE:** Objection. It is unclear what Plaintiff is requesting. Beacon has previously made the truck and tractor available to Plaintiff. The truck and trailer have been returned to service, and are in service. Taking the truck and trailer out of service for another time period is inconsistent with Plaintiff's position relative to Noble's vehicle, as Beacon was advised that it had only one opportunity to see and evaluate the same. Thus, further discussions need to be held between counsel to reach a fair agreement for both parties.

12

2]    Records reflecting use and/or operation of the truck for the day of the collision
and the thirty (30) day period preceding the collision.

**RESPONSE:** Objection. The requested time period is overly broad and unduly
burdensome. Beacon produced driver logs for Cooper for a reasonable period in regard to
the subject accident pre-suit. Plaintiff is again directed to Exhibit A hereto.

3]    Any permits or other applicable permits or licenses covering the vehicle or load
on the day of the collision.

**RESPONSE:** Objection. Beacon is uncertain as to what definition Plaintiff
intends to apply to "permits" or "licenses".    Notwithstanding, and in the spirit of
cooperation, Beacon complied with local, state and federal laws in regard to transportation of
cargo. For example, Cooper had a commercial driver's license, and the truck and trailer
carried appropriate tags and numbering for state and federal agencies.

4]    Mr. Cooper's daily logs and his co-driver's logs (if any) for the day of the collision,
and the six month period preceding the collision, together with all material required by 49
C.F.R. 396.8 and 395.15 for the driver(s) involved in the above matter together with the
results of any computer program used to check logs as well as all results of any audit of the
logs by your company or a third party.

**RESPONSE:** Objection. The requested time period is overly broad and unduly
burdensome. Beacon produced driver logs for Cooper for a reasonable period in regard to
the subject accident pre-suit. Plaintiff is again directed to Exhibit A hereto.

5]    All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the
vehicle involved in the above collision through February 3, 2017.

**RESPONSE:** See composite Exhibit A.

6] All existing daily inspection reports for the truck involved in this collision through February 3, 2017.

**RESPONSE:** See composite Exhibit A.

7] All existing maintenance, inspection and repair records or work orders on the truck involved in the above collision.

**RESPONSE:** See composite Exhibit A.

8] All annual inspection reports for the truck involved in the above collision, covering the date of the collision.

**RESPONSE:** See composite Exhibit A.

9] Mr. Cooper's complete driver's qualification file, as required by 49 C.F.R. 391-51, including but not limited to:

    a)    Application for employment

    b)    CDL license

    c)    Driver's certification of prior traffic violations

    d)    Driver's certification of prior collisions

    e)    Driver's employment history

    f)    Inquiry into driver's employment history

    g)    Pre-employment MVR

    h)    Annual MVR

    i)    Annual review of driver history

    j)    Certification of road test

14

k) Medical examiner's certificate

l) Drug testing records

m) HAZMAT or other training documents

**RESPONSE:** See attached Composite Exhibit A.

10] Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

**RESPONSE:** See attached Composite Exhibit A.

11] Mr. Cooper's driver post-collision alcohol and drug testing results.

**RESPONSE:** Beacon has attempted to obtain the same; however, the Kentucky State Police have not released the same yet. We were advised this week that the Kentucky State Police investigation is still open.

12] Any lease contracts or agreements covering the driver or the truck involved in this collision.

**RESPONSE:** Objection. This interrogatory is not geared to lead to discoverable information. Beacon acknowledges that it is the owner of the truck in question.

13] Any interchange agreements regarding the truck involved in this collision.

**RESPONSE:** None.

14] All data in every form from on-board recording devices and computer systems, including but not limited to the ECM (electronic control module), any on-board computer of any type, tachograph, GPS, trip monitor, trip recorder, trip master or other recording or

tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

**RESPONSE:** Other than what was provided to Plaintiff pre-suit in this matter, Beacon is not aware of any other documentation. Plaintiff is referred to attached Composite Exhibit A.

15] Any post-collision maintenance, inspection, or repair records or invoices in regard to the truck involved in the above collision.

**RESPONSE:** See attached Composite Exhibit A.

16] Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, regardless of type, regarding the driver or the truck involved in this collision for the day of the collision and the thirty (30) day period preceding the collision.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Exhibit A contains the information for a seven (7) day period.

17] Any trip reports, dispatch records, trip envelopes regarding the driver or the truck involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Exhibit A contains the information for a seven (7) day period.

18] Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

**RESPONSE:** See attached Exhibit A.

19]    The collision register maintained by the motor carrier as required by federal law
for the one (1) year period preceding this collision.

**RESPONSE:**    Objection.    This request is not geared to obtain relevant
information.  Other accidents have no relationship to the subject accident.

20]    Any drivers' manuals, guidelines, rules or regulations given to drivers such as the
one involved in this collision.

**RESPONSE:**  See composite Exhibit A.

21]    Any reports, memos, notes, logs or other documents evidencing complaints about
the driver in the above collision.

**RESPONSE:**  None.

22]    Any DOT or PSC reports, memos, notes or correspondence concerning the driver
or the truck involved in this collision.

**RESPONSE:**  None prior to the collision.

23]    The pre-trip inspection report completed by the driver for the trip involved in this
collision.

**RESPONSE:**  See composite Exhibit A.

24]    All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail,
TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6)
months prior to the collision for this driver and truck.  **You are hereby notified that you
are required to place your supplier of the above system, as your agent, on notice that
they are to save this data.**

**RESPONSE:** Objection. Beacon has no obligation to comply with this request, and it far exceeds the requirements of the Federal Civil Rules as it is onerous, overly broad, unduly burdensome and not geared to obtain relevant information. Moreover, it amounts to harassment.

25] All settlement sheets and expense sheets for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision, including any pay records, time sheets, or other documentation of his operation of a commercial motor vehicle during these times.

**RESPONSE:** Objection. Beacon has no obligation to comply with this request, and it far exceeds the requirements of the Federal Civil Rules as it is onerous, overly broad, unduly burdensome and not geared to obtain relevant information. Moreover, it violates Beacon's rights to privacy and impinges upon proprietary considerations. Notwithstanding, and in the spirit of cooperation, a copy of the bill of lading is attached Exhibit A.

26] Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, or the truck.

**RESPONSE:** Objection. This request if overly broad, vague, ambiguous and unduly burdensome.

27] The entire personnel file of driver Mr. Cooper.

**RESPONSE:** See attached Composite Exhibit A.

28]     If not previously listed, all documents required by Federal Motor Carrier Safety

Regulation 395.8, specifically those items identified in the Department of Transportation's

interpretation of the regulation in its Answer to Question 10.

**RESPONSE:** Objection. This interrogatory calls is vague, ambiguous, overly

broad, calls for the legal conclusion, calls for counsels mental impressions and for specific

interpretation of law, regulation and/or rule. Notwithstanding, please see composite Exhibit

A.

29]     Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers,

receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the

collision as well as the day of the collision.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome,

violates Beacon's privacy and proprietary rights. Other than the load that is involved in this

accident, no such documents have relevance in this action. With respect to the subject

accident, see Composite Exhibit A.

30]     Accounting records, cargo transportation bills and subsequent payments or other

records indicating billings for transportation or subsequent payment for the transportation

of cargo, with both the front and back of cancelled checks for cargo transported by the

driver and/or truck involved in the collision for thirty (30) days prior to the date of the

collision as well as the day of the collision.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome,

violates Beacon's privacy and proprietary rights.

31] Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the tractor-trailer, or the truck.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, and unduly burdensome. With respect to the subject accident, see Composite Exhibit A.

32] Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

**RESPONSE:** Objection. This interrogatory violates Beacon's privacy rights. Beacon did not pay for Cooper's cell phone. Upon information and belief, Cooper's cell phone was a "call as you go plan." No such documents are known in a recorded format.

33] All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA 2010.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome and not geared to lead to discoverable information. Notwithstanding, and without waiving any rights, please see attached Composite Exhibit A.

34] Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as

20

any computer messages which relate to this particular incident, whether generated or received.

**RESPONSE:** See attached Composite Exhibit A.

35] All electronic documents and the storage media on which they reside which contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

**RESPONSE:** Objection. This interrogatory is vague and ambiguous, and causes counsel to have to interpret the request.

B. All documents that you intend to use or offer as evidence in this action at any deposition, hearing, or the trial of this matter.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, violates Beacon's privacy and proprietary rights. Other than the load that is involved in this accident, no such documents have relevance in this action. With respect to the subject accident, see Composite Exhibit A.

C. A legible copy of the front and rear of the motor vehicle operator's license(s) of Defendant Cooper.

**RESPONSE:** See attached Composite Exhibit A.

21

D. All reports of accident or injury involving the collision in issue in the Complaint.

**RESPONSE:** See attached Composite Exhibit A.

E. With respect to those expert witnesses whom you intend to use at trial of this action, produce the expert's entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

**RESPONSE:** No decision as to the use of expert testimony has been made at this time. Defendants agree to comply with the Court's Scheduling Order.

F. The curriculum vitae of each expert witness whom you intend to use at trial of this action.

**RESPONSE:** No decision as to the use of expert testimony has been made at this time. Defendants agree to comply with the Court's Scheduling Order.

G. Produce any and all digital images, recordings, photographs, videotapes, and/or movies that have been taken by you, or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendants, of:

    a) Plaintiff or Plaintiff's family members;

    b) The place of this wreck;

    c) The vehicles involved; and/or

    d) Any other facts in issue in this case.

**RESPONSE:** Other than as previously disclosed, and as found in Composite Exhibit A, none others are known.

H. Records evidencing all stops, pick-ups and deliveries made or scheduled to be made for the vehicle involved in the accident identified in the Complaint for January 5, 2017 including the address of each pick-up, drop-off, stop and all documents evidencing the route that Mr. Cooper drove that day.

**RESPONSE:** See attached Exhibit A.

I. All documents which you may use to refresh the recollections of witnesses at deposition or in trial.

**RESPONSE:** Objection. This request calls for mental impression of counsel, and decision as to the use of the documents has been made, as discovery is currently ongoing.

J. A copy of any and all articles, journals, and/or pages from text books which will be relied upon to support any contention by any Defendant that Plaintiff's injuries were not or may not have been sustained as a result of the collision at issue herein.

**RESPONSE:** This is unknown as discovery has just been initiated. Moreover, this request calls for expert opinion. Defendants agree to comply with the Court's Scheduling Order.

K. All documents which the Defendant contends support the defenses asserted in the Defendants' Answer or that relate to any claims asserted by the said Defendant.

**RESPONSE:** Objection. This request calls for the mental impressions of counsel, violates the attorney client privilege and/or the work product doctrine.

L. Copies of each policy of insurance which policy does and/or may insure the Defendants against the damages alleged in Plaintiffs' Complaint, including the declarations page of each policy and all terms, conditions, coverages and exclusions of the policy of insurance.

**RESPONSE:** See attached Composite Exhibit A.

M. Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendants, or anyone acting on behalf of the said Defendants, obtained from any witnesses listed in your responses to any of the foregoing Interrogatories.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel. Other than counsel's work product, none are known.

N. Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendants have given in regard to this wreck.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel. Other than counsel's work product, none are known.

O. Please provide a copy of any and all incident reports compiled by or for any Defendant in this action relating to the wreck that is the subject matter of this litigation.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel.

Other than counsel's work product, none are known other than the Kentucky Uniform Traffic Accident Report which is found in Composite Exhibit A.

P. Please produce a copy of any and all drawings, maps, photographs, videotapes, or sketches of the scene of this wreck.

**RESPONSE:** See composite Exhibit A.

Q. Please produce any and all operators' handbooks, training manuals, and safety manuals that include all policies and procedures for the safe transportation of freight of Beacon, all policies and procedures for the safe operation of commercial motor vehicles carrying freight on its behalf, and all policies and procedures dealing with driving while fatigued and record keeping for hours of service, which were in effect at the time of the wreck that is the subject of this litigation and applicable to the employment of Defendant Cooper, and/or any contract(s) existing between any of the parties to this action.

**RESPONSE:** Objection. This request is overly broad, and would require Beacon violate certain copyright and/or trademark infringements. Beacon has complied to the fullest extent of the law by offering attached Composite Exhibit A, and offering a description of its training and safety programs. Beacon cannot reasonably copy copyrighted and/or trademarked materials.

R. Please produce copies of all documentation evidencing the mobile telephone, internet, Blackberry, text messaging, or other communicative devices provided to, owned by, and/or possessed by Defendant Cooper evidencing those communication device accounts, charges, and/or all detail of communication activities involving the device(s) for the forty five (45) day period ending February 15, 2017.

25

**RESPONSE:** Objection. This request is overly broad, unduly burdensome and violates defendant Cooper's rights to personal privacy. Again, Beacon did not pay for Cooper's cell phone. Such records are not in Beacon's possession. Moreover, Cooper's phone is believed to have been a "pay as you go plan" and thus, the records are not available.

S.    All written policies and/or procedures in effect at any time during Mr. Cooper's tenure of employment through January 5, 2017 concerning the operation of a Beacon commercial motor vehicle.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome and unclear. Other than the driver hand book/employee handbook, no such other written documents exist.

T.    All records evidencing Mr. Cooper's hours worked and compensation received for the period of December 1. 2016 through January 15th 2016.

**RESPONSE:** Objection. This request violates Cooper's personal rights to privacy, and he has not placed, nor has Beacon placed, Cooper's earnings into issue.

U.    All contracts, agreements, invoices and documentation relating to Omnitracs, OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, BENDEX, BOSCH, and other similar systems employed in the truck in issue in the Complaint as of January 5, 2017, including all truck diagnostic systems, event data recording systems, communications systems, camera systems, and electronic hours of service logging systems.

**RESPONSE:** Objection. Beacon's contractual agreements is/are not geared to lead to discoverable information.

V. All data from Omnitracs, OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, BENDEX, BOSCH and other similar systems employed in the truck in issue in the Complaint as of January 5, 2017, including all truck diagnostic systems, event data recording systems, communications systems, camera systems, and electronic hours of service logging systems.

**RESPONSE:** See Composite Exhibit A.

X. Produce documentation of Beacon's crash record of injuries, fatalities and total crashes from 1/1/2007 through January 5, 2017?

**RESPONSE:** Objection. This request is not geared toward discovering admissible information.

Y. Produce all documentation available to you of Beacon's safety rating and Safety Evaluation Area (SEA) values under SAFESTAT for the five years up to and including 2017.

**RESPONSE:** Objection. This request is not geared toward discovering admissible information.

Z. Produce all documents identified in response to Interrogatory 3 above.

**RESPONSE:** None known.

AA. Produce all documents identified in response to Interrogatory 5 above.

**RESPONSE:** Subject to objection to interrogatory 5. See attached corporate

Exhibit A.

BB. Produce all documents identified in response to Interrogatory 10 above.

**RESPONSE:** See attached composite Exhibit A.

CC. Produce all documents identified in response to Interrogatory 11 above.

27

**RESPONSE:** Subject to objection to Interrogatory 11, see attached composite Exhibit A

    DD.    Produce all documents identified in response to Interrogatory 12 above.

    **RESPONSE:** Subject to objection to Interrogatory 12, see attached composite Exhibit A.

    FF.    Produce all documents identified in response to Interrogatory 16 above.

    **RESPONSE:** None known.

    GG.    Produce all documents identified in response to Interrogatory 17 above.

    **RESPONSE:** Subject to objection to Interrogatory 17, see attached composite Exhibit A.

    HH.    Produce all documents, including screenshots of computer data systems information accessed, from which any information was reviewed and/or extracted for inclusion in your Responses to the foregoing interrogatories.

    **RESPONSE:**    Objection.    This request is overly broad and unduly burdensome, as the documents were printed and are attached hereto as composite Exhibit A.

        Respectfully Submitted,
        Harlan E. Judd & Associates, P.S.C.
        869 Broadway Avenue
        P.O. Box 51093
        Bowling Green, Ky 42104

        Harlan E. Judd, III

## VERIFICATION

    This is to verify that I, Lisa Milom, in my capacity as facilitator, have compiled the responses and documents set forth herein to the best of my knowledge and belief.

LISA MILOM

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served upon counsel for Plaintiffs on this ⟋7ᵗʰ day of October, 2017 by regular U.S. Mail to

TIMOTHY D. LANGE
Benson Risch & Lange, PLLC
One Riverfront Plaza
Suite 2150
401 W. Main Street
Louisville, Kentucky, 40202
(502) 583-8373

D. Randall Jewell
JEWELL LAW OFFICE, PLLC
P.O. Drawer 670
Barbourville, Kentucky 40906
Telephone: (606) 546-9714

Billy J. Taylor
TAYLOR LAW OFFICE, PLLC
110 Knox Street, Suite A
Barbourville, Kentucky 40906
Telephone: (606) 545-0224

Harlan E. Judd, III