## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION
#### (Electronically Filed)

| | |
|---|---|
| **DAVID WILSON, as Administrator** | ) |
| **Of the Estate of Lisa Noble,** | ) |
| **Deceased,** | ) |
| **Plaintiff** | ) |
| | ) **Civil Action No.: 6:17-157-KKC** |
| **v.** | ) |
| | ) |
| **BEACON TRANSPORT, LLC, and** | ) |
| **TERRAN COOPER,** | ) |
| **Defendants** | ) |

### DEFENDANT TERRAN COOPER'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Come now the Defendant, Terran Cooper, by counsel, and for his Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and states as follows:

### GENERAL OBJECTIONS

These answers and responses are made solely for the purpose of this action. Each answer or response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any request was asked of, or any statement contained herein was made by, a witness present and testifying at the time of trial.

Except for the explicit facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that this Defendant has responded or objected to any discovery or any part thereof should not be taken as an admission that this Defendant accepts or admits the existence of any facts set forth or assumed by such discovery or that such responses or objection constitutes admissible evidence. The fact that this Defendant has not responded to part or all of any discovery is

not intended and shall not be construed to be a waiver by this Defendant of all or any part of any objection to any discovery propounded herein.

To the extent that any or all of the discovery calls for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work product doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Defendant objects to each and every such request and thus, will not supply or render any information or material protected from discovery by virtue of the work product doctrine or attorney-client privilege or any other rule, case authority, privilege or other protection.

This Defendant has not completed the investigation of the facts relating to this case, nor has it completed discovery or this action or completed preparation for trial. The following answers and responses are given without prejudice to the production of subsequently discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of the existing evidence, or evaluation of the existing evidence in light of newly discovered evidence which this Defendant reserves the right to provide as supplement to these answers and responses in accordance with the Kentucky Rules of Civil Procedure.

Further, this Defendant does not waive its right to object to the maximum number of interrogatories and requests for admission, as set forth in Federal Rules of Civil Procedure 33.01(3) and other applicable statues, rules or orders, even though this Defendant has attempted to respond to each discovery request.

## INTERROGATORIES

2

1. State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts of this matter, without regard to whether you intend to call any such person as a witness at trial.

ANSWER: No decision as to the use of witness testimony has been made at this time. Defendants agree to comply with the Court's scheduling order. Notwithstanding, and in the spirit of cooperation, the Defendant Cooper submits the following may have discoverable information in regard to these matters:

a.Terran Cooper; defendant herein;

b. Beacon Transport, LLC,; defendant herein, including Stan Pritchett, Randy Cummins and Jeff Knittel, as yet to be determined employees;

c. David Wilson, plaintiff's representative;

d. Tammy Saylor, 481 Molus Hollow Road, Coldiron, Kentucky, 40819; knowledge concerning the accident;

e. Selena Moore, 481 Molus Hollow Road, Coldiron, Kentucky, 40819; knowledge concerning the accident;

f. Michael Anderson, 50 Green Meadow Road, London, Kentucky, 40741; knowledge concerning the accident;

g. Baptist Regional Medical Center and Emergency Medical Personnel, – knowledge unknown;

h. Kentucky State Police; including Officer Mike Taylor and Toby Curry - knowledge concerning the accident;

i. Various employers of the plaintiff's decedent-employment and earnings history;

3

j. Various medical providers of the plaintiff's decedent-plaintiff's decedent's physical condition; and,

i. Any and all individuals and/or entities identified in Plaintiff's Discovery.

2.  With respect to each statement you have ever given to anyone whether either oral or written, regarding the collision in issue in this lawsuit or otherwise concerning this litigation, state the date the statement was given, the names, addresses and telephone numbers of those present when the statement was given, and a brief summary of the contents of the statement.

**ANSWER**: Objection. The foregoing interrogatory is overly broad and unduly burdensome, and further violates the attorney client privilege. This defendant is without an understanding of what the plaintiff means by "statement", and is not aware of having given any formal "statement."

3.  Identify all education, training and instruction that you have received in your lifetime in the operation of a commercial motor vehicle. Within your answer, include dates of the events identified, and the person or entity that provided the education, training and/or instruction.

**ANSWER:**   Objection. The foregoing interrogatory is overly broad and unduly burdensome. Notwithstanding, and without waiving rights under the foregoing objection, Beacon, in addition to classes required to obtain a commercial driver's license, does nearly three (3) days of classes for all newly hired drivers. Terran Cooper maintains a commercial drivers license issued through the state of Tennessee. In addition to classroom instruction, various videos are shown such as Lane Change Crash Prevention; DOT Hours of Service; Commercial Vehicle Cargo Security; DOT Alcohol & Drug Testing; Case Know the Basics; The Critical Point and Outside the Box.

4

These are but a sample of videos utilized.  Moreover, Beacon has a continuing commitment to safety, and puts on monthly safety meeting on various topics.

4.      Describe all that you recall of roadway and traffic conditions surrounding the tractor-trailer that you operated on Interstate 75 within ten (10) minutes preceding the collision in issue in the Complaint.

**ANSWER**: Objection. Defendant Cooper is unclear as to what the Plaintiff's request in regard to roadway traffic conditions. Defendant Cooper recalls that there was significant traffic on the roadway immediately prior to the subject accident on Interstate 76 on the north bound side.

5.  It is alleged that your vehicle was stopped or slowed in the left lane of Interstate 75 at the time of the collision in issue in the Complaint, and that after the crash, you got out of the cab of the Beacon tractor-trailer and began using a cell phone to take pictures and/or video of the scene of the crash.

State in detail all that you recall concerning your actions in the ten (10) minutes preceding the collision in issue in the Complaint through the point in time that Ms. Noble was removed from the scene of the crash by ambulance.

**ANSWER**:  Objection.  The foregoing interrogatory is overly broad and unduly burdensome. Moreover, it contains a compound statement. Defendant Cooper disagrees with the statement that he purposefully stopped or slowed in the left hand lane of Interstate 75 at the time of the collision.  Rather, Defendant Cooper was attempting to move from the left lane to the right lane when Noble struck his truck and was moving.

Defendant Cooper acknowledges taking photographs at the scene of the accident as directed to by his employer after the accident. However, Defendant Cooper first attempted to check

5

on the person now known to be Lisa Noble immediately after exiting his vehicle. Other persons came upon the scene who can better describe their own actions. One of the persons arriving on the scene fairly soon after the accident, was apparently a first responder or other medical personnel. Defendant Cooper gave way to this individual and contacted his employer for further instruction. Defendant Cooper observed the extrication of Ms. Noble by emergency medical personnel, while he remained at the scene and spoke with law enforcement.

6. If you allege that there was any mechanical failure or condition of the vehicle/equipment that you operated that might have caused or contributed to the cause of the collision alleged in the Complaint, describe that mechanical failure or condition in detail and state all facts known upon which your allegation is based.

**ANSWER:** None.

7. Identify each incident in your history as an operator of a motor vehicle in which damage to a motor vehicle, injury to a person or damage to property occurred (other than the incident in issue in the Complaint), referencing each incident by date and location of it and explaining all facts recalled of the incident in your response.

**ANSWER:** I cannot recall any other accidents specifically, although I may have backed into another car on other occasions.

8. For purposes of this interrogatory, "crime" means any criminal charge, including traffic violations of any kind, and misdemeanor and felony crimes of any kind.

If you have ever been charged with a crime in your lifetime, explain all that you recall about the matter (including in your explanation all that you recall about each specific crime of which you

6

were charged, the legal jurisdiction in which the charge was made, the outcome of the charge stating whether it was dismissed, it resulted in a guilty plea or you were convicted).

**ANSWER**: Yes. I was charged with assault on my landlord in Murfreesboro, Tennessee. I don't recall specifics.

9. If any, explain in detail all that you are aware of as to what actions, inaction, or conduct of others of any kind, including Plaintiff and/or any other person or legal entity, you claim constituted negligence or otherwise actionable conduct that you allege contributed to the cause of the Plaintiff's injuries and/or other damages alleged in this lawsuit.

**ANSWER**: Objection. This interrogatory calls for a legal conclusion. In as much as it requests Defendant Cooper to opine as to whether a person's acts or omissions were negligent or otherwise actionable. Notwithstanding, the foregoing objections and in the spirit of cooperation, Defendant Cooper states that it is apparent in the manner in which this accident, Lisa Noble ran into the rear of his trailer at a high rate of speed. Defendant Cooper reserves his right to amend his answer to this interrogatory and further to submit expert testimony as to the specific speed of Noble's vehicle. Defendant Cooper did not see Noble's vehicle prior to it running into the rear of his trailer. Moreover, Defendant Cooper maintains that Lisa Noble was the sole and/or superseding cause of her own injuries and damages.

10. Provide the names, mailing addresses, e-mail addresses, phone numbers, job titles, and job descriptions of the following personnel:

a)  All personnel having supervisory authority of any kind on January 5, 2017 over you concerning your position as an operator of a commercial motor vehicle.

7

b) All dispatch personnel on duty on January 5, 2017 at the place from which you were initially dispatched preceding the collision with Plaintiff.

c) All safety personnel of any kind, including the Safety Officer or Director of the entity having the DOT number under which your vehicle operated on January 5, 2017.

d) All personnel having inspected the mechanical condition of the vehicle that you operated at the time of the collision referenced in the Complaint on i) January 5, 2017  ii)  in the year prior to January 5, 2017, and iii) since January 5, 2017.

e) All individuals having performed any mechanical servicing of the vehicle that you operated at the time of the collision referenced in the Complaint between January 1, 2016 and the present time.

**ANSWER**: Objection. This interrogatory is onerous, overly broad and unduly burdensome. Notwithstanding, and without waiving any rights under the foregoing objections, Cooper states that copies of maintenance and inspection records are attached in composite Exhibit A. Information regarding said maintenance and inspections is contained in each individual document. With the respect to the load being hauled on the date of the subject accident, Plaintiff is directed to the Bill of Lading in attached Exhibit A. Cooper takes his obligation for safety seriously. Cooper worked diligently to maintain his safety record. Cooper was employed by Beacon, and supervised by various individuals including, but not limited to Stan Pritchett, Randy Cummins and Jeff Knittel.

11. With respect to each defense that you asserted in your Answer to Plaintiff's Complaint, state the factual basis underlying the defense with specificity, providing all known factual detail supporting each alleged defense, including but not limited to the defenses of sudden emergency and the allegation of Ms. Noble's failure to wear safety equipment.

8

**ANSWER:** Objection. The foregoing is overly broad, unduly burdensome, calls for a legal conclusion, calls for mental impressions of counsel, and violates both the attorney client privilege and the work product doctrine. Moreover, discovery in this matter has just been initiated. Without waiving any rights under the foregoing objections, Cooper states that the affirmative defenses were plead upon advice of counsel. Factually, Cooper further states that Lisa Noble, deceased, was the sole and/or superseding causes of her own injuries and/or death when she ran into the back of the trailer being pulled by Cooper.

12. If you were injured in any way (physically, emotionally or psychologically) as a result of this incident in issue in the Complaint or otherwise sought medical, mental health, or counseling relating to it, state with specificity what injuries you sustained and what treatment you received as a result.

**ANSWER:** None.

13. If you were ill or suffered from any medical, mental health and/or vision problem or condition at the time of the collision in issue in the Complaint, describe that problem or condition and state the name, address and phone number of the medical and/or other providers treating you for it or similar conditions in your lifetime.

**ANSWER:** None.

14. If Defendant Beacon had any unwritten policies and/or procedures in effect at any time during your tenure of employment through January 5, 2017 concerning the operation of a commercial motor vehicle, with respect to each such policy and/or procedure, state it in full, and explain how and when you were informed of that policy.

9

**ANSWER:** Objection. The foregoing request is overly broad and unduly burdensome. Notwithstanding, the foregoing objection and in the spirit of cooperation, I was given instructions orally at different times which may be responsive to this interrogatory. It is unclear to me to what the Plaintiff means by Policy and Procedures. I was given an Employee Handbook, which contained several written policies and from time to time, I was given oral instructions. I do not recall the specific instructions per se or the specific dates.

15.     For any Request for Admission served simultaneously herewith that was responded to with other than an unqualified admission, state the facts and circumstances that you claim support your denial or qualified admission.

**ANSWER:** Objection.  This interrogatory is overly broad, unduly burdensome and vague. Moreover, it is improper to incorporate by reference another pleading into this interrogatory. Notwithstanding, Defendant asserts that its response to any request for admission is/are self-explanatory, especially where an objection was utilized.

16.     State your complete work history, providing dates of work/employment, positions held, and an explanation of why the employment was terminated.

**ANSWER:** Objection. The foregoing request is overly broad and unduly burdensome.

17.     State with specificity all that you recall from the point in time that you embarked upon the trip that ended with a collision in issue in the Complaint of January 5, 2017.  In your answer, explain your routes travelled, including the date, time and location of all stops, all rest and sleep, periods in which you operated the vehicle, anything that you recall concerning the operation of the tractor-trailer and its equipment that you operated, and identify any witnesses to any event described in your answer.

10

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding and in the spirit of cooperation, please see my attached drivers logs.

### RULE 34 REQUEST

Please make available for inspection and copying at the office of Timothy D. Lange, 401 W. Main Street, One Riverfront Plaza, Suite 2150, Louisville, Kentucky, 40202 by appointment within thirty (30 )days of service of this request:

A. Please produce the following records that were requested preserved from spoliation in the February 3, 2017 correspondence from undersigned counsel attached as Exhibit 2 to the Complaint:

1]      The truck and trailer involved in this collision (for further inspection at a date and time to be determined in the future by agreement of counsel). The truck is identified as having VIN number 4V4NC9EG6GN33619.

**RESPONSE:** The truck and trailer are not owned by me.

2]      Records reflecting use and/or operation of the truck for the day of the collision and the thirty (30) day period preceding the collision.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Attached in composite Exhibit are my drivers logs for seven (7) days before the subject accident.

3]      Any permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

**RESPONSE:** Objection. Beacon is uncertain as to what definition Plaintiff intends to apply to "permits" or "licenses". Notwithstanding, and in the spirit of cooperation, Beacon and/or Cooper complied with local, state and federal laws in regard to transportation of cargo. For example,

11

Cooper had a commercial driver's license, and the truck and trailer carried appropriate tags and numbering for state and federal agencies.

4]     Mr. Cooper's daily logs and his co-driver's logs (if any) for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Attached hereto are drivers logs applicable to the time of the subject accident.

5]     All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision through February 3, 2017.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Notwithstanding, in the spirit of cooperation, attached are vehicle inspection reports for the vehicle.

6]     All existing daily inspection reports for the truck involved in this collision   through February 3, 2017.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Notwithstanding, in the spirit of cooperation, attached are vehicle inspection reports for the vehicle.

7]     All existing maintenance, inspection and repair records or work orders on the truck involved in the above collision.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Notwithstanding, in the spirit of cooperation, attached are vehicle inspection reports for the vehicle.

8]     All annual inspection reports for the truck involved in the above collision, covering the date of the collision.

**RESPONSE:** Objection. The foregoing request is overly broad and unduly burdensome. Notwithstanding, in the spirit of cooperation, attached are vehicle inspection reports for the vehicle.

9]     Mr. Cooper's complete driver's qualification file, as required by 49 C.F.R. 391-51, including but not limited to:

a)     Application for employment

b)     CDL license

c)     Driver's certification of prior traffic violations

d)     Driver's certification of prior collisions

e)     Driver's employment history

f)     Inquiry into driver's employment history

g)     Pre-employment MVR

h)     Annual MVR

i)     Annual review of driver history

j)     Certification of road test

k)     Medical examiner's certificate

l)     Drug testing records

m)     HAZMAT or other training documents

**RESPONSE:** See attached Composite Exhibit A.

13

10]     Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

**RESPONSE:** See attached Composite Exhibit A.

11]     Mr. Cooper's driver post-collision alcohol and drug testing results.

**RESPONSE:** I have been advised the test is negative at the time I took the same. Following the accident, I was not held or arrested. Beacon has attempted to obtain the same; however, the Kentucky State Police have not released the same yet. We were advised this week that the Kentucky State Police investigation is still open.

12]     Any lease contracts or agreements covering the driver or the truck involved in this collision.

**RESPONSE:** Objection. This interrogatory is not geared to lead to discoverable information. Beacon acknowledges that it is the owner of the truck in question.

13]     Any interchange agreements regarding the truck involved in this collision.

**RESPONSE:** None.

14]     All data in every form from on-board recording devices and computer systems, including but not limited to the ECM (electronic control module), any on-board computer of any type, tachograph, GPS, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

**RESPONSE:** Other than what was provided to Plaintiff pre-suit in this matter, Cooper is not aware of any other documentation. Plaintiff is referred to attached Composite Exhibit A.

15]     Any post-collision maintenance, inspection, or repair records or invoices in regard to the truck involved in the above collision.

**RESPONSE:** See attached Composite Exhibit A.

16]     Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, regardless of type, regarding the driver or the truck involved in this collision for the day of the collision and the thirty (30) day period preceding the collision.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Exhibit A contains the information for a seven (7) day period.

17]     Any trip reports, dispatch records, trip envelopes regarding the driver or the truck involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Exhibit A contains the information for a seven (7) day period.

18]     Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

**RESPONSE:** See attached Exhibit A.

19]     The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

**RESPONSE:** Objection. This request is not geared to obtain relevant information. Other accidents have no relationship to the subject accident

20]     Any drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

**RESPONSE:** See composite Exhibit A.

21]     Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

      **RESPONSE:** None.

22]     Any DOT or PSC reports, memos, notes or correspondence concerning the driver or the truck involved in this collision.

      **RESPONSE:** None prior to the collision.

23]     The pre-trip inspection report completed by the driver for the trip involved in this collision.

      **RESPONSE:** See composite Exhibit A.

24]     All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck. **You are hereby notified that you are required to place your supplier of the above system, as your agent, on notice that they are to save this data.**

      **RESPONSE:** Objection. Beacon has no obligation to comply with this request, and it far exceeds the requirements of the Federal Civil Rules as it is onerous, overly broad, unduly burdensome and not geared to obtain relevant information. Moreover, it amounts to harassment.

25]     All settlement sheets and expense sheets for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision, including any pay records, time sheets, or other documentation of his operation of a commercial motor vehicle during these times.

      **RESPONSE:** Objection. Beacon has no obligation to comply with this request, and it far exceeds the requirements of the Federal Civil Rules as it is onerous, overly broad, unduly burdensome and not geared to obtain relevant information. Moreover, it violates Beacon's rights to

privacy and impinges upon proprietary considerations. Notwithstanding, and in the spirit of cooperation, a copy of the bill of lading is attached Exhibit A.

26] Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, or the truck.

**RESPONSE:** Objection. This request if overly broad, vague, ambiguous and unduly burdensome.

27] The entire personnel file of driver Mr. Cooper.

**RESPONSE:** See attached Composite Exhibit A.

28] If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation in its Answer to Question 10.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, calls for the legal conclusion, calls for counsels mental impressions and for specific interpretation of law, regulation and/or rule. Notwithstanding, please see composite Exhibit A.

29] Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, violates Beacon's privacy and proprietary rights. Other than the load that is involved in this accident, no such documents have relevance in this action. With respect to the subject accident, see Composite Exhibit A.

17

30]     Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by the driver and/or truck involved in the collision for thirty (30) days prior to the date of the collision as well as the day of the collision.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, violates Beacon's privacy and proprietary rights. Moreover, these documents are not in Cooper's possession.

31]     Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the tractor-trailer, or the truck.

**RESPONSE:** Objection. This interrogatory is vague, ambiguous, overly broad, and unduly burdensome. With respect to the subject accident, see Composite Exhibit A.

32]     Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

**RESPONSE:** Objection. This interrogatory violates Beacon's privacy rights. Beacon did not pay for Cooper's cell phone. Upon information and belief, Cooper's cell phone was a "call as you go plan." No such documents are known in a recorded format.

33]     All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA 2010

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome and not geared to lead to discoverable information. Notwithstanding, and without waiving any rights, please see attached Composite Exhibit A.

34]    Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

**RESPONSE:** See attached Composite Exhibit A.

35]    All electronic documents and the storage media on which they reside which contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we seek all documents in their electronic form along with information about those documents contained on the media. We also seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

**RESPONSE:** Objection. This interrogatory is vague and ambiguous, and causes counsel to have to interpret the request.

B. All documents that you intend to use or offer as evidence in this action at any deposition, hearing, or the trial of this matter.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, violates Beacon's privacy and proprietary rights. Other than the load that is involved in this accident, no such

19

documents have relevance in this action. With respect to the subject accident, see Composite Exhibit A.

C. A legible copy of the front and rear of the motor vehicle operator=s license(s) of Defendant Cooper.

**RESPONSE:** See attached Composite Exhibit A.

D. All reports of accident or injury involving the collision in issue in the Complaint.

**RESPONSE:** See attached Composite Exhibit A.

E. With respect to those expert witnesses whom you intend to use at trial of this action, produce the expert=s entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

**RESPONSE:** No decision as to the use of expert testimony has been made at this time. Defendants agree to comply with the Court's Scheduling Order.

F. The curriculum vitae of each expert witness whom you intend to use at trial of this action.

**RESPONSE:** No decision as to the use of expert testimony has been made at this time. Defendants agree to comply with the Court's Scheduling Order.

G. Produce any and all digital images, recordings, photographs, videotapes, and/or movies that have been taken by you, or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendants, of:

      a) Plaintiff or Plaintiff's family members;

      b) The place of this wreck;

20

c) The vehicles involved; and/or

d) Any other facts in issue in this case.

**RESPONSE:** Other than as previously disclosed, and as found in Composite Exhibit A, none others are known.

H. Records evidencing all stops, pick-ups and deliveries made or scheduled to be made for the vehicle involved in the accident identified in the Complaint for January 5, 2017 including the address of each pick-up, drop-off, stop and all documents evidencing the route that Mr. Cooper drove that day.

**RESPONSE:** See attached Exhibit A.

I. All documents which you may use to refresh the recollections of witnesses at deposition or in trial.

**RESPONSE:** Objection. This request calls for mental impression of counsel, and decision as to the use of the documents has been made, as discovery is currently ongoing.

J. A copy of any and all articles, journals, and/or pages from text books which will be relied upon to support any contention by any Defendant that Plaintiff=s injuries were not or may not have been sustained as a result of the collision at issue herein.

**RESPONSE:** This is unknown as discovery has just been initiated. Moreover, this request calls for expert opinion. Defendants agree to comply with the Court's Scheduling Order.

K. All documents which the Defendant contends support the defenses asserted in the Defendants' Answer or that relate to any claims asserted by the said Defendant.

**RESPONSE:** Objection. This request calls for the mental impressions of counsel, violates     the     attorney     client     privilege     and/or     the     work     product     doctrine.

21

L. Copies of each policy of insurance which policy does and/or may insure the Defendants against the damages alleged in Plaintiffs' Complaint, including the declarations page of each policy and all terms, conditions, coverages and exclusions of the policy of insurance.

**RESPONSE:** See attached Composite Exhibit A.

M. Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendants, or anyone acting on behalf of the said Defendants, obtained from any witnesses listed in your responses to any of the foregoing Interrogatories.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel. Other than counsel's work product, none are known.

N. Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendants have given in regard to this wreck.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel. Other than counsel's work product, none are known.

O. Please provide a copy of any and all incident reports compiled by or for any Defendant in this action relating to the wreck that is the subject matter of this litigation.

**RESPONSE:** Objection. This interrogatory violates the attorney client privilege and/or work product doctrine to the extent that it requests statements obtained by counsel. Other than counsel's work product, none are known other than the Kentucky Uniform Traffic Accident Report which is found in Composite Exhibit A.

22

P.   Please produce a copy of any and all drawings, maps, photographs, videotapes, or sketches of the scene of this wreck.

**RESPONSE:** See composite Exhibit A

Q.  Please produce any and all operators' handbooks, training manuals, and safety manuals that include all policies and procedures for the safe transportation of freight of  Beacon, all policies and procedures for the safe operation of commercial motor vehicles carrying freight on its behalf, and all policies and procedures dealing with driving while fatigued and record keeping for hours of service, which were in effect at the time of the wreck that is the subject of this litigation and applicable to the employment of Defendant Cooper, and/or any contract(s) existing between any of the parties to this action.

**RESPONSE:** Objection.  This request is overly broad, and would require Beacon violate certain copyright and/or trademark infringements.  Beacon has complied to the fullest extent of the law by offering attached Composite Exhibit A, and offering a description of its training and safety programs.  Beacon cannot reasonably copy copyrighted and/or trademarked materials.

R.  Please produce copies of all documentation evidencing the mobile telephone, internet, Blackberry, text messaging, or other communicative devices provided to, owned by, and/or possessed by Defendant Cooper evidencing those communication device accounts, charges, and/or all detail of communication activities involving the device(s) for the forty five (45) day period ending February 15, 2017.

**RESPONSE:** Objection.  This request is overly broad, unduly burdensome and violates defendant Cooper's rights to personal privacy.  Again, Beacon did not pay for Cooper's cell phone.

Such records are not in Beacon's possession. Moreover, Cooper's phone is believed to have been a "pay as you go plan" and thus, the records are not available.

S.   All written policies and/or procedures in effect at any time during Mr. Cooper's tenure of employment through January 5, 2017 concerning the safe operation of a Beacon commercial motor vehicle.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome and unclear. Other than the driver hand book/employee handbook, no such other written documents exist.

T.   All records evidencing Mr. Cooper's hours worked and compensation received for the period of December 1. 2016 through January 15th 2016.

**RESPONSE:** Objection. This request violates Cooper's personal rights to privacy, and he has not placed, nor has Beacon placed, Cooper's earnings into issue.

U.     All contracts, agreements, invoices and documentation relating to Omnitracs, OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, BENDEX, BOSCH and other similar systems employed in the truck in issue in the Complaint as of January 5, 2017, including all truck diagnostic systems, event data recording systems, communications systems, camera systems, and electronic hours of service logging systems.

**RESPONSE:** Objection. Beacon's contractual agreements is/are not geared to lead to discoverable information.

V. All data from Omnitracs, OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, BENDEX, BOSCH and other similar systems employed in the truck in issue in the Complaint as of January 5, 2017, including all truck diagnostic

systems, event data recording systems, communications systems, camera systems, and electronic hours of service logging systems.

   RESPONSE: See Composite Exhibit A

Respectfully Submitted,
Harlan E. Judd & Associates, P.S.C.
869 Broadway Avenue
P.O. Box 51093
Bowling Green, Ky 42104

Harlan E. Judd, III

## VERIFICATION

This is to verify that I, Terran Cooper, have compiled the responses and documents set forth herein to the best of my knowledge and belief.

TERRAN COOPER

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served upon counsel for Plaintiffs on this __17__ day of October, 2017 by regular U.S. Mail to

Timothy D. Lange
Benson, Risch & Lange, PLLC
401 W. Main Street, Ste 2150
Louisville, KY 40202

D. Randall Jewell
Jewell Law Office, PLLC
P.O. Drawer 670
Barbourville, KY 40906

Billy J. Taylor
Taylor Law Office, PLLC
110 Knox Street, Ste A
Barbourville, KY 40906

Harlan E. Judd, III