EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

*Electronically filed*

| | |
|---|---|
| DAVID WILSON, as Administrator of the Estate of Lisa Noble, Deceased,<br>    Plaintiff<br><br>v.<br><br>BEACON TRANSPORT, LLC, and TERRAN COOPER,<br>    Defendants | Civil Action No. 6:17-CV-157-KKC |

# AGREED PROTECTIVE ORDER RE: ELECTRONIC DISCOVERY

The parties having reached an agreement regarding treatment of certain electronic discovery materials to be produced in this matter and the Court being sufficiently advised;

IT IS HEREBY ORDERED that this Agreed Protective Order Regarding Electronic Discovery (hereinafter the "Order") be entered as follows:

1. Based on the nature of this litigation, certain electronic records relating to the Defendant, Terran Cooper's electronic devices are discoverable under the Rules of Civil Procedure and may include confidential or privileged records, documents, photographs, call data, messaging data, sms data, transmission data, location data, video, and any other data or other information stored on the device (hereinafter "Protected Records").

2. Until further orders of the Court, any Protected Records identified below and the information contained therein shall be released only in accordance with to the terms of this Order.

3. Plaintiff will not use the Protected Records for purposes other than this litigation without prior written agreement of the Defendant, Terran Cooper, his counsel, or further Order of the Court.

4. The Protected Records may include confidential communications between the Defendant and others. They may include photographs, video, and other electronic data.

5. Additionally, the Protected Records may include attorney-client communicatious that this Order protects from disclosure to counsel for Plaintiff.

6. The parties agree that Stidham Reconstruction & Investigations, LLC ("SRI") will perform electronic searches of any and all smart phones, cell phones or other communication devices utilized by Terran Cooper.

7. SRI shall take reasonable steps in an attempt to avoid download of attorney client communications, which may include scanned documents, emails or text messages between Mr. Cooper and his attorney, Harlan Judd or Mr. Judd's office. To do so, to the extent possible with the available technology, the search performed shall exclude communications from email addresses: harlanjuddlaw@gmail.com and juddlawsecretary@gmail.com, and ____N/A____, and with respect to texting, to the following phone numbers shall be excluded from search ____N/A____, ____N/A____ being the numbers of legal counsel Harlan Judd to Mr. Cooper or staff for Mr. Judd.

8. With regard to searches, the terms for relevant material shall be limited to the names, nicknames, and cell phone numbers of Mr. Cooper, any data of any type captured on the device between 12/26/16 and 1/6/17 of any kind, subject to the forgoing exclusions from search relating to communications subject to attorney-client privilege.

9. The searches shall be conducted at the business premises of Timothy D. Lange, Benson, Risch & Lange PLLC, 401 W. Main Street, Suite 2150, Louisville, Kentucky 40202. The Defendant or his representative may be present during the inspection but shall not interfere. The search shall commence at 1:00pm on February 19, 2018.

10. By his signature on this Agreed Order, Jason Woods, Individually and on behalf of Stidham Reconstruction & Investigations, LLC, agrees to be bound by the terms of this order and submits to the jurisdiction of this Court for purposes of enforcement.

11. In further effort to protect against the disclosure of attorney-client or other privileged information, following SRI's search and download, SRI shall advise the counsel for the parties that its download is complete. At that time it shall provide the Defendants with a complete copy of the materials downloaded for review relating to objections to be made as to the release of such materials to counsel for the Plaintiffs. Defendants shall have ten (10) days from this advisement in which to designate records as "Protected Records – Subject to Privilege Against Production" and to produce an appropriate privilege log setting forth the identification of the document/data in issue, the specific objection asserted to its production, and describe the nature of the documents, communications, or tangible things not produced or disclosed — doing so in a manner that, without revealing information itself privileged or protected, will enable other parties and the Court to assess the claim (See FRCP 26(b)(5).

12. Any items that are the subject of objection to production based upon a claim of privilege and addressed in the privilege log shall not be released to the Plaintiff until the parties have either reached an agreement for such release or the Court has entered an order permitting such disclosure.

13. Any restriction on the disclosure of Protected Records applies to the information that may be gleaned from those materials.

14. Protected Records may be disclosed to the Parties' legal counsel, expert consultants and witnesses, and to other attorneys practicing in the same law firm with said legal counsel, as well as their paralegals, stenographic and clerical employees associated with them. Except as provided herein, Protected Records shall not be disclosed to any other persons, except with the prior written consent of Terran Cooper or his counsel.

15. Prior to such disclosure of Protected Records to a third party, the disclosing party shall be furnished with a copy of this Order and shall agree in writing to be bound by this Order and to submit to the jurisdiction of this Court for purposes of enforcement.

16. Upon final determination of this action, including appeals, all Parties, legal counsel, and persons to whom any Protected Records were disclosed or provided shall upon request return all such Protected Records to counsel for the Defendants.

17. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

18. This Order shall not prevent any of the Parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Order, subject to the approval of the Court.

19. The Parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain after this action is terminated jurisdiction over it and them for the purpose of enforcing this Order.

20. All persons who sign any writing acknowledging the existence of the protective order and/or who receive protected information as set forth in this order,

hereby consent to the jurisdiction of this Court for the purposes of any action to enforce the order or any action for sanctions or contempt for violation of the terms of this order.

It is so ORDERED.

This  20th  day of  February , 2018.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

HAVE SEEN AND AGREED TO:

_____
D. RANDALL JEWELL, Attorney for Plaintiff

_____
TIMOTHY D. LANGE, Attorney for Plaintiff

_____
HARLAN E. JUDD, JR., Attorney for Defendants

_____
TERRAN COOPER, Defendant

_____
Jason Woods, Individually and on behalf of Stidham Reconstruction & Investigations, LLC