# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| DAVID WILSON, as Administrator of the Estate of Lisa Noble, Deceased, Plaintiff<br><br>VS.<br><br><br><br><br>BEACON TRANSPORT, LLC and TERRAN COOPER, Defendants | C.A. No.: 6:17-157-KKC<br><br>**AMENDED FRCP 30(B)6 NOTICE AND NOTICE TO TAKE DEPOSITIONS OF STAN PRITCHETT, RANDY CUMMINGS, JEFF KNITTEL AND BILLIE JO LITTLE** |

Pursuant to Rule 30(B)(6) of the Federal Rules of Civil Procedure, notice is hereby given that counsel for the Plaintiff in this action will take the deposition of the corporate representative(s) of Beacon Transport, LLC beginning **on February 26, 2018 at the hour of 9:00am at the corporate offices of the said Defendant of 451 Mason Road, La Vergne, TN, with the depositions of Stan Pritchett, Randy Cummings, Jeff Knittel and Billie Jo Little as a part thereof or to follow, depending on the particular matters of testimony designated by the corporate Defendant under the aforesaid Civil Rule.**

Should multiple representatives be proffered to testify in the following matters, those depositions should commence at this hour, and continue from day to day until completed. This deposition is to be taken pursuant to and for all purposes provided under the Federal Rules of Civil Procedure by video and stenographically. The deposition will continue from day to day, Saturdays, Sundays and Court Holidays excluded, until completed.

Examination is requested on the following matters:

1. The corporate representative(s) of Beacodn Transport, LLC with the most knowledge about the acts, events, or occurrences of the collision on January 5, 2017 which forms the basis of Plaintiff's Complaint in the above-captioned cause.

2. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the identity, title or position, and job description, of all persons managing, supervising, monitoring FMCSR compliance, or in any other way directly involved with Defendant Cooper concerning his employment.

3. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the trip that Defendant Cooper was on when involved in the collision on January 5, 2017 in issue herein, including all pick-ups and deliveries made and all communications between the company and the driver. For purposes of this request, "trip" as used herein shall mean during the course of Mr. Cooper's use of the tractor and trailer involved in this crash between December 26, 2016 and January 6, 2017.

4. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the investigation done into the collision on January 5, 2017 which forms the basis of Plaintiff's Complaint in the above-captioned cause, including any "preventative accident" investigation or safety committee review of it.

5. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the Federal Motor Carrier Safety Regulations regarding transporting goods and the safe operation of a commercial motor vehicle involved in interstate commerce.

6. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the procedure(s) for the <u>custody and maintenance of records</u> pertaining to Defendant Cooper, the vehicle and trailer that he operated in the collision in issue herein, and all equipment within that tractor and trailer, specifically including records relating to the electronic communication, global positioning satellite, and electronic hours of service logging device systems in the tractor and the trailer.

7. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the procedure(s) for the <u>custody and maintenance of records</u> pertaining to all contracts for service covering the electronic communication, global positioning satellite, and electronic hours of service logging device systems in the tractor and the trailer operated by Defendant Cooper at the time of the crash in issue in this litigation.

8. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the electronic communication, global positioning satellite, and electronic hours of service logging device systems in the tractor and the trailer operated by Defendant Cooper at the time of the crash in issue in this litigation, including the data generated by such systems in the thirty (30) days prior to the crash.

9. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the qualifications it requires for any of its drivers of commercial motor vehicles, including Defendant Cooper, and the procedure(s) by which drivers are recruited and hired by Beacon Transport, LLC, including actions taken in the qualification, verification of qualification matters, testing, education, screening and hiring of Defendant Cooper.

10. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about its policies and procedures related to the monitoring of its drivers, including, but not limited to, their driver qualification, monitoring the hours that its drivers work, the locations of their vehicles, monitoring their operation of commercial motor vehicles, ensuring that make correct electronic hours of service log entries, and discouraging speeding or the violation of any other laws, ordinances, or regulations.

11. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about any complaints, grievances, or damage claims involving Defendant Cooper while in its employment.

12. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about it's use of employees, subcontractors, leased drivers, leased vehicles, or independent contractors to perform transportation work on its behalf.

13. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about any representations made to governmental agencies during the investigation of the collision made the basis of this lawsuit.

14. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about factual basis for any of it's affirmative defenses asserted in this lawsuit.

15. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about the disciplinary system employed by it as of January 5, 2017for commercial drivers employed, leased or otherwise operating under its DOT Number.

16. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about disciplinary or personnel action taken by it with respect to Defendant Cooper during the term of his employment with it.

17. The corporate representative(s) of Beacon Transport, LLC charged with verifying the veracity and completeness of interrogatory answers filed on its behalf in this action.

18. The corporate representative(s) of Beacon Transport, LLC with the most knowledge about FMCSR rule infractions of any type or character and the disciplinary policies and procedures of Beacon Transport, LLC with relation to such infractions by its commercial motor vehicle operators, including any disciplinary action taken with respect to Defendant Cooper through the termination of his employment.

19. The corporate representative(s) of Beacon Transport, LLC that can identify the individuals having communicated on its behalf with Defendant Cooper within 7 days before and after the accident in issue in the Complaint, including but not limited to each person receiving information entered into the electronic communications systems utilized by Mr. Cooper and company personnel in communication with him.

20. The corporate representative(s) of Beacon Transport, LLC with the most knowledge of the training and instruction given to its commercial motor vehicle operators and the testing upon such training and instruction of the said commercial motor vehicle operators concerning the safe operation of tractor-trailers upon the roadways. This request includes but is not limited to the specific training and instruction provided to Mr. Cooper by Beacon Transport, LLC and the testing of Mr. Cooper concerning the safe operation of tractor-trailers upon the roadways.

21. The corporate representative(s) of Beacon Transport, LLC with the most knowledge of the specific insurance policies having benefits available to satisfy any

judgment that could be obtained by the Plaintiff against it or Defendant Cooper in this matter, including all primary, excess, umbrella and other policies of insurance.

22. The corporate representative(s) of Beacon Transport, LLC with the most knowledge of photographs taken at the scene of this collision by Defendant Cooper.

23. The corporate representative with the most knowledge about the <u>custody and maintenance of records</u> produced by the Defendant in this action, including the originals of those documents, of the documents produced in response to the Request for Production of Original Documents made a part of this deposition notice, and of the completeness of the aforesaid productions.

### REQUEST FOR PRODUCTION OF <u>ORIGINAL</u> DOCUMENTS

The Defendant is requested to produce the following **<u>ORIGINALS OF THE FOLLOWING DOCUMENTS</u>** at the commencement of the aforesaid deposition pursuant to the Federal Rules of Civil Procedure:

1] All documents produced in response to the discovery of record in this matter and in compliance with FRCP 26[a](1).

2] All photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence. To the extent that the original imaging is in digital format, the original files created should be produced.

3]     Any electronic messages (Omnitrac, Qualcomm and like systems included), emails, letters, memos, or other documents concerning the trip that Defendant Cooper was on at the time of this crash. For purposes of this request, "trip" as used herein shall mean during the course of Mr. Cooper's use of the tractor and trailer involved in this crash between December 26, 2016 and January 6, 2017.

4]     All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck.

5]     All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems operator manuals pertaining to systems in use in the truck and trailer involved in this collision.

6]     All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems training materials used to educate commercial motor vehicle operations on use of the systems.

7]   All contracts for the provision of equipment and/or services of OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems in use in the truck involved in this collision.

Respectfully Submitted,

\_\_\_/s/Timothy D. Lange_____
**TIMOTHY D. LANGE**
Benson Risch & Lange, PLLC
One Riverfront Plaza
Suite 2150
401 W. Main Street
Louisville, Kentucky, 40202
(502) 583-8373

D. Randall Jewell
JEWELL LAW OFFICE, PLLC
P.O. Drawer 670
Barbourville, Kentucky  40906
Telephone:  (606) 546-9714

Billy J. Taylor
TAYLOR LAW OFFICE, PLLC
110 Knox Street, Suite A
Barbourville, Kentucky 40906
Telephone:  (606) 545-0224

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served upon counsel on this 24th day of February, 2018 by regular U.S. Mail and email to

Hon. Harlan E. Judd, III
Harlan E. Judd & Associates, P.S.C.
869 Broadway Avenue
P.O. Box 51093
Bowling Green, Ky  42104

and

harlanjuddlaw@gmail.com

                                                                        /s/Timothy D. Lange