UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DAVID WILSON, *as Administrator of the Estate of Lisa Noble*,

    Plaintiff,

v.

BEACON TRANSPORT, LLC, and TERRAN COOPER,

    Defendants.

No. 6:17-CV-157-CHB-HAI

ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants seek relief that can only be granted upon a showing of good cause and excusable neglect. But, despite being specifically instructed by the Court to address that standard, they have inexcusably neglected to do so. Their motion is therefore denied.

Defendants move for leave to take certain depositions following the deadline to do so or, alternatively, certain sanctions. D.E. 93. Plaintiff has responded (D.E. 95), and the motion is therefore ripe for review (D.E. 90). Defendants seek to take the depositions of Selena Moore, Tammy Saylor, and Dr. David Douglas. Fact discovery closed in the case more than six months ago on April 2, 2018. D.E. 12 at 2. Per the requirements of the scheduling order in the case (D.E. 12 at 3-4), the undersigned conducted a pre-motion telephonic conference to discuss the dispute between the parties. D.E. 90. At the conclusion of the conference, Defendants were granted leave to file a motion seeking leave to conduct the depositions.[1]

During the conference, the Court directed the parties numerous times to the requirements of Federal Rule of Civil Procedure 6(b)(1)(B). That Rule requires, in order to extend an expired

---

[1] Leave was not granted to include the request for sanctions under Rule 37.

1

deadline, that the Court find both good cause and excusable neglect. The undersigned is bound by this Rule just as the parties are.

The Rule applies to Defendants' motion. The deadline to depose fact witnesses was April 2, 2018. D.E. 12 at 2. Moore and Saylor are unquestionably fact witnesses. Defendants characterize them as "lay" witnesses who purportedly were at the scene of the motor vehicle accident upon which Plaintiff's claims in this case are based. During the pre-motion teleconference, the defense characterized Dr. Douglas as a treating physician whose deposition was governed by the October 15, 2018 deadline for the completion of expert discovery. But, defense counsel conceded that Dr. Douglas was not disclosed as an expert by either party. Notably, Rule 26(a)(2)(C) requires even a treating physician to be disclosed as an expert if the witness will testify pursuant to Federal Rules of Evidence 702, 703, 705. Because Dr. Douglas was not disclosed as an expert, he cannot testify as such, and is therefore categorized as a "fact" witness only. Thus, Rule 6(b)(1)(B)'s good cause-excusable neglect standard applies to all the depositions at issue because Defendants seek leave to conduct those depositions well after the April 2, 2018 fact-discovery deadline.

During the pre-motion teleconference, the undersigned discussed the good cause-excusable neglect standard several times and directed counsel for Defendants to specifically address that standard in the motion for leave. This was not a mere suggestion or option to pursue. The expired deadline can now only be extended by the Court if excusable neglect is established.

Despite the clear and repeated instruction to address this standard, the motion nowhere mentions the governing Rule or its standard, and obviously does not make an argument that addresses the standard. Denial of the motion on that basis alone is appropriate. It is not the

Court's obligation to scour the record to manufacture arguments that should have been presented to address the governing standard, especially when the motion does not even acknowledge that standard following an express instruction to do so. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995))). Put bluntly, can a court find excusable neglect when a party has inexcusably neglected to address that standard? No.

The Sixth Circuit has articulated five factors relevant to considering whether the party requesting an extension failed to act within the time originally allotted due to "excusable neglect": "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009) (quoting *Pioneer*, 507 U.S. at 395). The multi-factor and equitable nature of this test highlights the difficulty the Court would have in trying to apply these factors when the motion does not specifically discuss them.

Based upon the foregoing, Defendants' motion for leave (D.E. 93) is **DENIED**.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Any objection shall be made within **14 days** to the District Judge. Failure to object waives a party's right to review.

This the 24th day of October, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge