UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

*Electronically Filed*

| | |
|---|---|
| **DAVID WILSON, as Administrator of the Estate of Lisa Noble, Deceased, Plaintiff** | |
| | **C.A. No.:  6:17-00157-CHB-HAI** |
| **VS.** | **MEMORANDUM IN SUPPORRT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56(A) ON THE ISSUE OF CONSCIOUS PAIN AND SUFFERING** |
| **BEACON TRANSPORT, LLC and TERRAN COOPER, Defendants** | |

Comes the Plaintiff, by counsel, and respectfully submits the following in support of his Motion for Partial Summary Judgment on the issue of Plaintiff having suffered conscious pain and suffering as a result of her injuries sustained in the collision in issue in this action.

## FACTS

This action was filed as a result of a motor vehicle collision involving the deceased, Lisa Noble, and Defendant tractor trailer operator Terran Cooper.  The collision occurred on January 5, 2017 in the passing lane on Northbound Interstate 75, near Williamsburg, Kentucky.  Ms. Noble was operating a white, 2014 Volkswagen Jetta.  Defendant Cooper was driving a tractor trailer on behalf of Beacon Transport, LLC. The parties do not dispute that Ms. Noble's vehicle

collided with the rear bumper of Defendant Cooper's slow-moving tractor trailer in the passing ("fast") lane on an uphill section of I-75.

Plaintiff alleges, among other causes of action in the Complaint, that the collision was a direct result of the Defendant's negligent operation of the tractor trailer. The parties do not dispute that the Ms. Noble died as a result of the severe injuries that she sustained in the collision. As the proof below establishes, the parties do not dispute that Ms. Noble was conscious and felt pain upon sustaining her injuries. This is based upon the testimony of witnesses to the condition of Ms. Noble as she was found subsequent to the crash, and the testimony of the forensic medical experts of both the Plaintiff and the Defense.

## I.      Witness Michael Anderson confirmed Ms. Noble was conscious and in pain.

Michael Anderson witnessed the crash, parked his vehicle and ran to the scene of the collision. He witnessed Lisa Noble's condition and her reactions prior to the arrival of first responders. He testified Ms. Noble was responsive immediately after the wreck.

Q:      Did you ever see Ms. Noble speak?

A:      I remember her - -she'd pause for a little while, and then, like, not saying nothing, just, like, not doing hardly anything. And then she'd gasp for air. And I remember it done that a couple of times.

(Anderson Depo, pp 23-24, line 25, ll 1-4, attached as Exhibit 1).

Q:      Other than labored respirations or labored breathing, did you see her move, or maybe make any gestures, or anything?

A:      I think she  - - she jerked. I think I remember her jerking in her seat for a while. And then, I think she stopped. And I think she did it a couple of times. But I remember her done it at least once.

(Anderson Depo, p. 24, ll 9-15, attached as Exhibit 1).

Q:      Did anybody ever tell you that she was responsive in any way?

2

A:      I don't remember. I - -to me, she was still responsive, but that's my opinion to it. I'm - -because, I mean, she gasped for air. It wasn't just like, a minute or two. I think she did it for a couple minutes.

(Anderson Depo, pp 24-25, ll 20-25, 1, attached as Exhibit 1).

Q:      Did you ever see her eyes Open?

A:      Yeah.  Her eyes were open.  I remember – well, I focused – I think it was her left eye, it was black on the inside of it.  I – and swollen.

Q:      Obviously, her eyes were open?

A:      Yeah.  I – I think I remember her moving her eyes just a little bit.

(Anderson Depo, p. 25, ll 10 – 17, attached as Exhibit 1).


**II.      Defendant Cooper Witnessed Ms. Noble Moving In Her Vehicle and Believed She had Non-Life Threatening Injuries. conscious and in pain.**

Defendant Terran Cooper describes Ms. Noble as "moving" prior to the arrival of EMS.

He further testified that he saw Ms. Saylor, the witness who testified she was praying with Ms.

Noble gathered with other witnesses around Ms. Noble:

Q:      What did you do to help her?

A:      Basically I looked at her. When I was on the phone with 911, 911 asked me, "Is she alive?" I said, "Yes, she is." "Is she moving?" I said, "Yes, she is." I mean, basically I'm on the phone. Okay? I saw everything that's in my sight.

(Terran Cooper Deposition, 2/19/2018, p. 109, ll 8-16, attached as Exhibit 2).


Q:      And what was Lisa doing in the car then?

A:      Who's Lisa?

Q:      Ms. Noble, the lady that died.

A:      Basically, she was just moving around.

(Terran Cooper Deposition, 2/19/2018, p. 110-111, ll 21 – 1, attached as <u>Exhibit 2</u>).

Defendant Cooper also confirmed Ms. Saylor's account of her time praying with Ms.

Noble, though he claimed he could not hear what was said:

Q:      Did you see the people talking to her and praying with her?

A:      Basically that was after the fact.

Q:      Did you see that?

A:      Yes, I did.

(Terran Cooper Deposition, 2/19/2018, pp. 104-105, ll 25 – 4, attached as <u>Exhibit 2</u>).

Below is a photograph that Mr. Cooper took of these very witnesses at the scene once

First Responders had arrived and before Ms. Noble was extricated from her vehicle.[1]



---

[1] The existence of video and materials will be in issue concerning the spoliation of evidence by Defendant Cooper, whose camera phone had been claimed preserved for download by his counsel as a result of the request of the Plaintiff, but was in fact "wiped clean" with all information from the date of the crash deleted just before the Plaintiff was permitted to download it.

Ms. Tammy Saylor is the woman with short cropped hair in the blue hooded sweatshirt; Ms. Selena Moore is the woman with reddish hair facing the camera[2]. Mr. Michael Anderson is in the rear of the picture walking around and has a beard.

Given Mr. Cooper's observations above, it is clear that he witnessed Ms. Noble conscious and moving, and that he watched and even photographed as she was attended to initially by Good Samaritans Saylor and Moore, and ultimately first responders. This is further directly evidenced by Exhibit 3, an email sent on the date of this crash stating that Mr. Cooper told his employer that Ms. Noble was taken from the scene with what appeared to him to be serious but non-life-threatening injuries. Exhibit 3 - *Ex 10 from Cooper Deposition, Email from Randy Cummins of January 5, 2018.*

Emergency responders subsequently arrived on the scene after the foregoing events unfolded. Whitley County EMS received a dispatch call for the collision at 10:45 a.m. Paramedic Steven Dykes estimates that an EMS unit was on scene within seven minutes of dispatch. (Steven Dykes Depo, 6/26/2018, p. 16, ll 2-4, attached as Exhibit 4). Ms. Noble was transferred by Whitley County EMS to Baptist Regional Hospital in Corbin, Kentucky where she was pronounced deceased.

## II.  The parties' respective forensic medical experts agree that Ms. Noble suffered conscious pain from her injuries: but only Defense Expert Dr. Donato Borrillo Needs Consideration for Purposes of this Motion.

Both parties' respective expert witnesses agree that Lisa Noble was conscious immediately after the accident. However, for purposes of this Motion, only the defense medical

---

[2] These witnesses Ms. Saylor and Ms. Moore also have material factual accounts of witnessing Ms. Noble's suffering, currently in issue in a discovery dispute and unnecessary for consideration for the purposes of this Motion.

expert's testimony need consideration as he confirmed that Ms. Noble experienced pain and suffered as a result of the blow she sustained in this crash. The Defendants' medical expert, Dr. Donato Borrillo, concedes that Lisa Noble was conscious for a period of time after the accident and that she suffered pain as a result thereof.

Q:      And how quickly upon the instance of damage to the vehicle would she have lost consciousness?

A:      The vehicle itself had significant damage to the rooftop, the - -the upper area of the - -auto, which is where Ms. Noble's head-neck area would be. And so, almost immediate- -as soon as the crash occurred, you had almost immediate head injuries. So where- - where in- -in my mind, literally seconds, one second or two seconds, how- -however long it takes for that crash, and the top of the car, and the head to be hit. And then from that point on, you had a rather immediate head injury with subsequent heart rate and breathing that resulted - -

Q:      So - -

A:      - -that were found by paramedics.

Q:      - - and I know that this is small, but in that one to two seconds between the initial impact and her body's impact, **she would have been able to see and perceive and feel what was going on in the vehicle, correct**?

A:      Yes, sir. I don't recall seeing an airbag, if her vision would have been obstructed. **But yes, for those brief seconds,  yes.**

Q:      And in that one to two seconds, when her head would have initially been struck, she would have been able to feel that blow?

A:      Yes, sir.

Q:      And that would have been painful for her?

A:      **Yes, that would have been - - that would have been painful, uncomfortable, yes**. (Emphasis added).

(Dr. Donato Borrillo Deposition, 10/16/2018, pp 37-38, ll 9-25, 1-13, attached as <u>Exhibit 5</u>).

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW THAT MS. NOBLE SUFFERED CONSCIOUS PAIN AND SUFFERING

Federal Rule of Civil Procedure 56(a) states that a movant is entitled to summary judgment as a matter of law when "there is no genuine issue as to any material fact."

> The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548.
>
> When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Multimedia 2000, Inc. v. Attard,* 374 F.3d 377, 380 (6th Cir.2004). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Summers v. Leis,* 368 F.3d 881, 885 (6th Cir.2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Summers,* 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to the plaintiff, summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the plaintiff]." *McKinnie v. Roadway Express, Inc.,* 341 F.3d 554, 557 (6th Cir.2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

Olinger v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints, 521 F. Supp. 2d 577, 581–82 (E.D. Ky. 2007).

In the case at bar, Plaintiff seeks compensation for pain and suffering endured by Lisa Noble between the collision and her death. There are no facts disputing that Ms. Noble felt the blows that ultimately took her life and experienced pain from it.  While the time between the

accident and Ms. Noble's death is measured in minutes rather than hours, Kentucky courts recognize that a short period of consciousness is enough to recover damages for pain and suffering.

> Damages for pain and suffering may be awarded, however, "if the injured person was 'partly conscious,' had intervals of consciousness, or was conscious for a short time before death." (internal citations omitted).

Vitale v. Henchey, 24 S.W.3d 651, 659 (Ky. 2000).  Based upon the foregoing witness testimony and the two medical expert opinions, it is abundantly clear that Ms. Noble was conscious and suffered physical pain, fright and mental/emotional suffering for a short period of time before her death from injuries sustained in the crash with Terran Cooper.  Because the Defendants can offer no evidence to the contrary, FRCP 56(a) mandates a finding of Summary Judgment in favor of the Plaintiff on the issue of Conscious Pain and Suffering.

Respectfully submitted,

  /s/Timothy D. Lange     
Timothy D. Lange
BENSON, RISCH & LA NGE, PLLC
401 W. Main Street, Suite 2150
Louisville, Kentucky 40202
Telephone: (502) 583-8373

D. Randall Jewell
JEWELL LAW OFFICE, PLLC
P.O. Drawer 670
Barbourville, Kentucky 40906
Telephone:  (606) 546-9714

Billy J. Taylor
TAYLOR LAW OFFICE, PLLC
110 Knox Street, Suite A
Barbourville, Kentucky 40906
Telephone:  (606) 545-0224

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE**

It is hereby certified that on the foregoing was filed November 27, 2018 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/    Timothy D. Lange
TIMOTHY D. LANGE