UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DAVID WILSON, *as Administrator of the Estate of Lisa Noble*,

    Plaintiff,

v.

BEACON TRANSPORT, LLC, and TERRAN COOPER,

    Defendants.

No. 6:17-CV-157-CHB-HAI

ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

This case concerns an automobile accident that occurred on January 5, 2017, which resulted in the death of Lisa Noble. D.E. 1 at 1. Before the Court is Defendants' "FRCP 37(C)(1) Motion to Prohibit the Testimony of Selena Moore and Tammy Saylor and/or Use of Statements and Video by [] Selena Moore and/or Tammy Saylor," filed November 16, 2018. D.E. 99. Saylor and Moore are two motorists who stopped their car to attend to Ms. Noble in the accident's aftermath. They are also eyewitnesses to the accident. Neither witness has been deposed by Defendants. The motion seeks to exclude their statements and testimony because the statements were not disclosed to Defendants until after Plaintiff's expert witness disclosures were made, which was after fact discovery had closed.

**I.**

Saylor and Moore gave statements to law enforcement at the accident scene, and these statements are in the record. D.E. 99-1, 99-2. However, Saylor and Moore also later gave other statements and made a video that were relied upon by Plaintiff's expert witnesses. In February

1

2017, Saylor and Moore provided statements to Stidham Reconstruction & Investigation, LLC, a firm hired by Plaintiff to provide expert services. D.E. 99-3. Saylor provided an additional statement to SRI: Private Investigation and Forensic Reconstruction in February 2018. D.E. 99-4. According to Defendants, in February 2018, one of the accident experts produced a video featuring Saylor and Moore. D.E. 99 at 2. Finally, at the deposition of defense expert Dr. Donato Borrillo on October 16, 2018, Plaintiff produced an affidavit from Saylor signed October 14, 2018. D.E. 99-5.

These materials were not produced by Plaintiff to Defendants during the period for fact discovery. However, Defendants were aware that Saylor and Moore were potential witnesses because they were included the initial disclosures from **both** sides. D.E. 19-1 at 3; D.E. 100 at 8. Thus, Defendants undertook certain efforts to depose them.

In January, Defendants issued subpoenas for Saylor and Moore (D.E. 31-3, -4) and noticed their depositions (D.E. 34, 35). But neither witness appeared. D.E. 99 at 12-13. Defendants then used an investigator to serve them with subpoenas again, but they still failed to appear. D.E. 93 at 4-5. The fact-discovery deadline expired on April 2, 2018. D.E. 12 at 2.

This dispute first came to the Court's attention in mid-September when defense counsel contacted chambers to request a discovery-dispute teleconference. D.E. 89. Among the issues raised at the teleconference was Defendants' request to depose Saylor and Moore after the expiration of the fact-discovery deadline. D.E. 90. That request was denied, but the Court gave Defendants "leave to file a motion to take the depositions of [Saylor and Moore]." *Id*.

On October 10, Defendants filed a motion for permission to conduct late depositions of Saylor and Moore (and one other witness). D.E. 93. Plaintiff opposed the motion. D.E. 95. The Court denied the motion because Defendants failed to address the good cause and excusable

neglect standards of Rule 6(b)(1)(B), as the Court had instructed during the teleconference. D.E. 96. Defendants' motion also requested, in the alternative, that Saylor's and Moore's testimony be prohibited at trial as a Rule 37 sanction. D.E. 93. The Court did not initially address that request because it fell outside the scope of the leave that was granted at the teleconference. D.E. 96 at 1 fn.1.

Defendants then sought a follow-up teleconference. D.E. 97. They asked for a ruling on their Rule 37 motion in order to clarify the record for any appeal to the District Judge. The Court granted Defendants leave to file a motion for Rule 37 sanctions and extended the deadline for filing objections to its previous order. D.E. 98.

In their motion for sanctions, Defendants argue that Saylor and Moore should be prohibited from testifying at trial. D.E. 99. They argue that Plaintiff violated his duty to disclose these witnesses' February 2017 and February 2018 statements and video, which Plaintiff's experts relied upon. *Id*. Plaintiff responded in opposition to this motion. D.E. 100. Without leave to do so, Defendants filed a reply. D.E. 107.

After reading the reply, the Court ordered another teleconference. D.E. 112. At the December 6 teleconference, the Court explained its finding that Plaintiff had violated his duty to supplement under Rule 26(e). The Court explained that the parties could agree among themselves to allow the depositions. In this circumstance, the Court would be able to enforce and supervise such an agreement for post-deadline discovery. In the alternative, the Court gave leave for Defendants to file a notice asking the Court to issue a ruling on their motion for sanctions. *Id*. On December 10, Defendants filed a notice seeking a ruling on their Rule 37(c) motion. D.E. 113.

## II.

Plaintiff previously took the position (in response to a request for production of documents served by Defendants) that any recorded statement he obtained from the witnesses was "work product." D.E. 99-6 at 13. Federal Rule of Civil Procedure 26(b)(3) does not protect as "work product" the statements and video of Saylor and Moore.

Rule 26(b)(4) provides that communications between a party's attorney and a retained expert are discoverable when the communications "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii). Such materials are not protected under the work-product privilege. "In general, the work-product privilege has been held not to apply to opinions and documents generated or consulted by an expert retained to testify at trial." *Cty. of Suffolk v. Long Island Lighting Co.*, 122 F.R.D. 120, 122 (E.D.N.Y. 1988). "This rule has been broadly interpreted to authorize disclosure of both expert opinions and 'all the documents the expert generated or examined in the process of forming those opinions.'" *Id.* (quoting *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 536 (N.D. Cal. 1987)). "The weight of authority is to the effect that the Rule 26(b)(3) work-product privilege does not apply to discovery of experts' material." *United States v. Real Prop. Known & Numbered as 2847 Chartiers Ave. Pittsburgh, Pa.*, 142 F.R.D. 431, 434 (W.D. Pa. 1992). As the Advisory Committee's notes clarify, given Rule 26's disclosure obligations, "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Advisory Committee Notes Fed. R. Civ. P. 26(a)(2), P. 149. "[A]ny type of work product or other privileged information lose their privileged status when disclosed to, and

4

considered by, a testifying expert." *Wilson v. Wilkinson*, No. 2:04-CV-918, 2006 WL 6654881, at *5 (S.D. Ohio May 19, 2006).

Because the February 2017 and February 2018 statements and video of Saylor and Moore are materials that Plaintiff's experts examined in the course of forming their opinions, they are discoverable under this rule. This being so, Plaintiff had a duty to supplement his Rule 26 disclosures to include these materials. Fed. R. Civ. P. 26(e). Plaintiff failed to timely do so. The materials were not provided to Defendants until June 19, 2018. D.E. 99 at 5. This was after the fact discovery deadline of April 2, 2018, and Plaintiff's expert disclosure deadline of June 1, 2018. D.E. 12.[1]

### III.

To address this discovery violation, Defendants ask the Court to sanction Plaintiff by prohibiting the testimony of Saylor and Moore and the use of their statements and the video. D.E. 99-13. Rule 37(c)(1) allows for certain sanctions in the event the duty to supplement is violated unless the failure to supplement "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The default sanction is that the sanctioned party cannot use the evidence at issue. But the Rule allows, either as a substitute or additional measure, "other appropriate sanctions[.]" *Id*. at 37(c)(1)(C). Defendants were harmed by the post-deadline disclosure of Saylor's and Moore's statements because they were prevented from timely pursuing fact discovery concerning those statements. Because the assertion of work-product protection had no merit, Plaintiff has provided no justification, much less a substantial one, to avoid an appropriate sanction. However, banning the testimony of the people who witnessed that accident and tended to Ms. Noble in the accident's aftermath would unduly interfere with the pursuit of the truth

---

[1] The Court notes that, had Defendants challenged the work-product claim during discovery, much of the delay in obtaining discovery about Saylor and Moore could have been avoided.

concerning these events. Plaintiff should be sanctioned, but exclusion of the eyewitnesses' testimony is not the appropriate remedy. Instead, discovery will be re-opened for the limited purpose of permitting Defendants to depose Saylor and Moore.

**IT IS HEREBY ORDERED THAT** Defendants' motion for sanctions (D.E. 99) is **GRANTED IN PART.** Although Defendants' request to prohibit testimony from Saylor and Moore is denied, the Court orders that Defendants be allowed to depose them. For this limited purpose only, the fact-discovery deadline is **EXTENDED** to **Friday, March 1, 2019**.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Any objection shall be made within **14 days** to the District Judge. Failure to object waives a party's right to review.

This the 18th day of December, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge